This is an appeal from a judgment of the lower court dismissing plaintiff's suit for its failure to comply with an order of court entered on October 7, 1940, sustaining a motion for a bill of particulars and prayer for oyer with leave to plaintiff to amend.
The suit is by the American Employers' Insurance Company to recover from D.O. Furr premiums earned by policies of workmen's compensation and public liability insurance issued by plaintiff to Furr covering his operations as a general contractor during the period from June 25, 1938, to December 17, 1939. The copies of the policies attached to the petition show that the premiums earned by said policies are based entirely upon the remuneration paid by Furr to his employees. The policies provide a fixed rate per $100 remuneration paid to the employees and it is upon that basis that the premiums earned by the policies are determined. The policies required Furr to make monthly reports to the insurer showing the amount paid by him to his employees, which reports were subject to a financial audit.
Plaintiff's petition alleged that it issued two policies of insurance to Furr, one a compensation policy and one a public liability policy, covering the operations of defendant from June 25, 1938, to June 25, 1939, giving the numbers of each policy and attached specimen copies to its petition. It alleged both policies were renewed prior to their expiration date, the renewal policies being identical with the originals; that the expiration date of the renewal policies was June 25, 1940, and that they were cancelled by the petitioner on December 17, 1939.
"4. That the premiums of all of the said policies are based upon the entire remuneration earned during the policy period by all employees of the said assured engaged in the business operations described in the declarations made a part of the policies, together with all operations necessary, incident or appurtenant thereto or connected therewith, whether conducted at such work places or elsewhere in connection therewith or in relation thereto, all as will be shown more fully by reference to Condition A of the standard workmen's compensation and employers' liability policies being Nos. WC-106544 and WC-117507, and Condition A of the public liability policies, being Nos. O-65517 and O-69366.
"5. That in each of the said policies there was fixed an estimated advance premium based on the estimated total annual remuneration, as provided in the said policies, and the said estimated premiums were determined by calculations based on the rate per $100.00 of the remuneration to be received by the employees of the assured, D.O. Furr; that the estimated advance premium of policy No. WC-106544 was the sum of $110.00; while that on policy No. O-65517 was $24.38, both of which estimated advance premiums were paid by the defendant, D.O. Furr; that the estimated advance premium on policy No. WC-117507 was the sum of $114.00, while that on Policy No. O-69366 was $24.38; neither of the advance premiums on the last two named policies was ever paid by the defendant, D.O. Furr.
"6. That your petitioner provided workmen's compensation and public liability insurance coverage to D.O. Furr over the period from June 28, 1938, to December 17, 1939; that there has been paid for the workmen's compensation coverage the sum of $428.29 and there has been paid for the public liability coverage the sum of $19.46.
"7. That the defendant, D.O. Furr, reported to your petitioner in accordance with the agreement contained in the rider annexed to each policy, monthly reports of the actual amounts of remuneration earned by the employees according to the contentions of the said D.O. Furr; that during the period from June 25, 1938, to June 25, 1939, the said D.O. Furr reported that his carpentry payroll or remuneration was the sum of $5244.00; that the payroll on concrete construction work performed for him under sub-contract with other individuals, but which were covered by your petitioner's policies, was the sum of $432.00; that the said D.O. Furr reported clerical remuneration in the amount of $1200.00 and further reported that the payroll or remuneration for painting and decorating work sublet by him but nevertheless covered by your petitioner's policies, was the sum of $388.50.
"8. That the standard rates per $100.00 remuneration paid to employees on the various operations covered by your petitioner's standard workmen's compensation and employers' liability policies in force *Page 345 
and effect during the period of the said policies are as follows:
Carpentry 5.36 Concrete Construction 3.40 Clerical .10 Painting Decorating 4.15
"9. That the standard rates per $100.00 remuneration paid to employees on the various operations covered by your petitioner's contractors', manufacturers', public liability policies in force and effect during the period of the said policies are as follows:
Carpentry .23 Clerical .023
"10. That no report has been made by the defendant, D.O. Furr, for any period subsequent to June 25, 1939.
"11. That your petitioner is informed and has good cause to believe and therefore alleges as a fact, that the actual remuneration received by the employees of D.O. Furr or subcontractors whose operations were covered by your petitioner's policies of insurance, was in excess of the sum of $20,000.00 per year, the major portion of said remuneration being the carpentry payroll of the defendant, D.O. Furr; that your petitioner is entitled to recover premiums on the various policies described hereinabove upon the basis of actual remuneration received by the employees to be included in the computations made pursuant to the conditions of the said policies; that the said defendant, D.O. Furr, therefore, has not included in his reports all of the remunerations made to employees which are, under the terms of the policy, to be included in the computations.
"12. That Condition C of the workmen's compensation policies provides that your petitioner shall be permitted at all reasonable times during the policy period to inspect the plants, works, machinery and appliances covered by this policy, and to examine the assured's books at any time during the policy period, and any extension thereof, and within one year after its final expiration, so far as they relate to the remuneration earned by any employees of the assured while this policy or policies were in force; all as will be shown more fully by Condition C, contained in policies numbered WC-106544 and WC-117507; that by Condition D of the public liability policies your petitioner is permitted to examine the assured's books and records at any time during the policy period and within one year thereafter for the purpose of determining the actual premium earned while the policy is in force and the assured upon request is to furnish your petitioner with a written statement of the entire remuneration earned by the assured's employees engaged in the business operations covered by insurance during the whole or any part of the policy period; the rendering of any such statement or the payment of any premium based thereon, shall not have the effect of barring the examination provided for nor the right of the petitioner to an additional premium, all of which will be shown more fully by Condition D contained in policies numbered O-65517 and O-69366.
"13. That the defendant, D.O. Furr, purported to display to the auditors employed by and representing petitioner, his books and records showing the actual remuneration earned by the employees engaged in the operations covered by the policies, which records indicated the remuneration actually reported by the defendant, D.O. Furr; that your petitioner and its representatives were permitted only to see work sheets prepared by the defendant, D.O. Furr, which were vague and incomplete and that from the records submitted to petitioner or its representatives for examination, it is impossible to determine the amount of the premium to which your petitioner is entitled; that your petitioner is entitled under the terms of the said policies, and in justice and equity, to examine any and all records of any nature whatsoever maintained by the defendant, D.O. Furr, and any and all reports which he may have made to governmental agencies which may reflect to any extent the remuneration earned by his employees covered by the policies issued by your petitioner; that demand has been made from time to time on the defendant to provide access to petitioner of all records made to governmental agencies and the complete books of the defendant, D.O. Furr, but the right to examine the said books and records or to gain access to the public records or reports made to governmental agencies has been denied arbitrarily and without good cause.
"Wherefore, premises considered, petitioner prays that the defendant be cited *Page 346 
and served with a copy of this petition and in due course and after all legal delays there be judgment in its favor and against the defendant, D.O. Furr, in the sum of $1670.30, together with 5% per annum interest thereon from judicial demand until paid, less whatever credits the said D.O. Furr may be shown to have been entitled to receive.
"Further prays that in a manner and means to be determined and fixed by this court, your petitioner have full access to all books, records and other documents maintained by the defendant, D.O. Furr, which may reflect upon the remuneration earned and paid to his employees during the period from June 25, 1938, to December 17, 1939, and in addition be provided with the original or true copies of all returns made to the state or federal governments for income tax purposes, for social security, for unemployment insurance and such other reports as it may develop that the said D.O. Furr was required to make and that in default thereof your petitioner have judgment as prayed for in the preceding paragraph.
"Further prays for all orders necessary and for general and equitable relief."
The following motion for a bill of particulars and prayer for oyer was filed by defendant:
"Now into Court, through undersigned counsel, comes D.O. Furr, made defendant herein and in no way answering to the merits of this suit but appearing herein solely for the purpose of this motion, avers:
"1. That Article II of plaintiff's petition is vague and indefinite in that it does not express sufficiently definite the exact amount plaintiff contends was paid to each of the alleged employees of the defendant nor does said Article give the names of the employees or of the subcontractors alleged to have received remuneration from your appearer. That said Article fails to set forth the exact amount which plaintiff claims to be entitled to recover from D.O. Furr, nor what plaintiff contends that defendant has failed to include in reports of the remunerations made to employees, nor the names of the said employees or subcontractors. That respondent is entitled to oyer of the reports alleged to have been received.
"2. That Article 13 of plaintiff's petition is vague and indefinite in that it does not set forth what the alleged report consists of as given to said plaintiff by defendant and that your respondent is entitled to have oyer of said report; nor does said Article designate the names of the representatives nor the time when said reports or work sheets were obtained by said plaintiff and in what manner the alleged reports were incomplete. Nor does said Article set forth what books, if any, plaintiff wishes to examine and during what period of time and when demands as set forth in said Article were made and upon whom, as well as what governmental agencies proper demands were made upon and when and for what.
"Wherefore, premises considered, respondent prays that this motion for bill of particulars and prayer for oyer be allowed and that your respondent be relieved of further answering plaintiff's petition until the motion requested has been furnished, and upon failure of plaintiff to furnish said information within ten days that the suit be dismissed at plaintiff's costs.
"For general and equitable relief."
The lower court sustained both the motion and prayer for oyer with leave to plaintiff to amend.
Plaintiff filed two supplemental and amended petitions in compliance with the court's order. After the second one was filed defendant filed a motion to dismiss upon the ground that plaintiff had failed to comply with the order of court sustaining the motion and prayer. The motion to dismiss was sustained by the court and a judgment signed dismissing plaintiff's suit. It has perfected an appeal to this court.
"In an effort to comply with the order of the court, plaintiff filed two supplemental and amended petitions. In the first it was alleged that plaintiff did not know and had no means of knowing the exact amount of remuneration paid to the defendant's employees and that the plaintiff had no means of knowing the names of the employees or subcontractors receiving such remuneration. It was further pleaded that plaintiff was uninformed and could not inform itself regarding the exact amount which it was entitled to recover from Furr because of the wrongful acts of Furr in denying access to his own records upon the basis of which the amount of indebtedness was to be determined. The plaintiff then set out specifically the remuneration reported and shown by the *Page 347 
audit report taken from work sheets submitted by Furr. It was further alleged that no audit had been made whatsoever from June 25, 1939, to December 17, 1939.
"The plaintiff further pleaded that the original monthly reports submitted by defendant Furr had been destroyed after the data contained thereon had been transferred to appropriate permanent records maintained by the plaintiff, and that statements were presented to the defendant Furr based upon the figures and amounts reported by him; that such reports and statements were subject to the final audit to be made after the expiration of the policy period; plaintiff annexed and made a part of the first supplemental and amended petition carbon copies of the statements presented to the defendant which contained the exact figures reported by him for each given month; plaintiff annexed the original reports covering the period from June 25, 1939, to October 25, 1939, during which the renewal policies were in effect. Plaintiff then pleaded the circumstances under which its payroll auditor called at the assured's office and was not permitted access to the complete office records of the defendant. It was then alleged that no demand had been made upon any governmental agency for access to the reports submitted by Furr for the reason that it was a known practice of such agencies to refuse such requests, and that Furr had consistently refused to give written authority to the governmental agencies to which payroll reports were required to be submitted, to permit plaintiff or its representatives to examine the records and reports submitted. Plaintiff then alleged that it was necessary that the Social Security records and Unemployment Compensation records be made available to it, and took the position that the reports submitted to the State and Federal authorities would reflect the actual remuneration paid to the employees and subcontractors of the defendant Furr.
"The remainder of the first supplemental petition corrected certain errors of calculation which appeared in the original petition. It was further alleged that the remuneration paid to the defendant's employees was in excess of the sum of $30,000 a year; plaintiff also pleaded that it wrote bonds for the defendant during the period its policies were in effect, which contractors' bonds were in excess of $80,000; that according to the plaintiff's experience, the labor costs of contractors approximate one-third of the total cost of the contracts.
"When this first supplemental petition was filed, the defendant objected to the filing and allowance of the petition and the discharge of the rule resulting from the order of the court. The court sustained the objection and ordered plaintiff to amend further upon penalty of dismissal.
"Finally, the plaintiff filed a second supplemental and amended petition in which it is alleged as follows: `Petitioner avers that it has pleaded all of the pertinent facts available to it in support of its cause of action, and that all other information required for the disposition of this proceeding and in support of petitioner's cause of action is within the sole and exclusive possession and control of defendant herein, D.O. Furr.' It is then alleged that the carpentry payroll for the period from June 25, 1938, to December 27, 1939, was in excess of $37,500 and that the rate per $100.00 remuneration was $5.36 per $100.00 remuneration, and that the policies had earned on the carpentry payroll premiums amounting to $2010.00, and that liability policies earned twenty-three cents per $100 remuneration, and an additional premium of $86.25. It was alleged on information and belief that the masonry and concrete work payrolls during the period pleaded were in excess of $3000 and based on the rate of $3.40 per $100.00 remuneration, the policies earned a premium of $102.00. It was then alleged that the painting and decorating payrolls were in excess of $2700.00 during the payroll period and that based on the rate applicable to this type of remuneration, $4.15 per $100.00, the policies had earned a premium in the amount of $112.05. It was then pleaded that total premiums had been earned in the amount of $2310.30.
"In this second supplemental petition, the plaintiff then went on to point out why the original monthly reports submitted by Furr had been destroyed. The explanation made was that after the amounts submitted by the assured had been transferred to permanent records, the monthly reports were destroyed and the statements were submitted on the basis of the transferred figures; plaintiff pointed out that this procedure was followed because the monthly *Page 348 
reports served no purpose whatsoever after the figures thereon had been transferred to appropriate records. The plaintiff then pleaded that it had complied with the order of the court and the order should be deemed satisfied and the rule discharged."
We are of the opinion the lower court was in error in dismissing plaintiff's suit. Plaintiff alleged that it verily believed and therefore alleged as a fact that defendant was indebted unto it in a certain amount. It alleged facts on which it based its belief. It further alleged non-compliance with the contract of insurance by defendant in his refusal to allow the plaintiff to audit the books and records kept by him affecting this transaction. In compliance with the court's order to amend and furnish information asked for by defendant in his motion for a bill of particulars and prayer for oyer, it filed two lengthy supplemental petitions in which it set forth all the facts within its knowledge pertaining to this contract and so alleged. It further alleged that other information requested by defendant was in his possession and could and would be disclosed by the books and other records in defendant's possession; that it had been refused access to the books and records of defendant. Therefore, it did not have and could not secure the information defendant prayed for.
The suit is based on a contract between the parties, and the vagueness of plaintiff's petition has been brought about, according to the allegations of the petition, by the failure of defendant to comply with the conditions of the contract regarding the audit of its books and records by plaintiff. Defendant contends that plaintiff's suit is nothing more than a "fishing expedition" with the hope of finding something on which to base a suit.
To a certain extent this charge may be true, but if so it has been brought about by non-compliance with the contract by defendant. When we take as true the allegations of plaintiff's petitions, it seems clear to us that its claim is well founded. It has set forth every fact within its knowledge upon which it bases its claim and says to defendant — "we rely upon your books and records to which we have no access to prove our claim". We are sure that the supplemental petitions were a compliance with the order to amend issued by the lower court in sustaining the motion for a bill of particulars and prayer for oyer.
The very purpose of a motion for a bill of particulars and prayer for oyer was to have plaintiff to furnish defendant all facts upon which it relied to make out its case in order that defendant might be prepared to properly answer and defend the suit. All of these facts have been furnished defendant except those which are peculiarly and conclusively within the knowledge of the defendant. Boone v. Mrs. Maurer's Bakery, Inc., La.App., 158 So. 877.
Under the above related circumstances, certainly the motion to dismiss for failure to comply with the order to amend and supply the requested information was not properly sustained. The order had been complied with and if plaintiff in doing so has failed to set out a cause or right of action, the case might have been disposed of on such an exception but not a motion to dismiss. In this court exceptions of no cause and no right of action have been filed based solely on the theory that plaintiff's action should have been one specifically for performance. Defendant contends that the proper action would have been one for specific performance of the contract to force defendant to allow an audit of his books and records after which, if any amount were found owing to plaintiff, it could then institute a suit for that amount. While plaintiff might have proceeded in such a manner, it would have required two separate suits to accomplish that which one suit will accomplish and courts do not favor a multiplicity of suits.
Under the rule made in the case of Boone v. Mrs. Maurer's Bakery, Inc., cited supra, plaintiff has set forth a cause and a right of action.
The judgment of the lower court is erroneous and it is now reversed and the motion to dismiss is overruled. The motion for a bill of particulars and prayer for oyer are held to be satisfied; the exceptions of no cause and no right of action filed in this court are overruled and the case is remanded to the lower court to be proceeded with in accordance with the law. Costs of appeal to be paid by appellee and all other costs to await the final determination of the case. *Page 349