ELLIS, Judge.
Plaintiff is seeking to recover the alleged unpaid balance on an insurance premium. The defendant filed an exception of no cause and no right of action which was argued and submitted to the Lower Court on March 21, 1955, and on that day sustained. Without having a formal judgment signed counsel immediately moved for and was granted a devolutive appeal returnable to this court on April 6, 1955, contingent upon his furnishing bond in the sum of $50. The appeal was dismissed ex proprio motu by this court as .being premature. See 83 So.2d 671. Formal judgment was signed on the 9th day of May, 1955, and counsel, pursuant to the dismissal by this court, on the 9th day of January, 1956, secured an order of appeal returnable to this court on the 7th day of February, 1956, upon the furnishing of bond in the amount of $50.
In compliance with the order of the court counsel furnished bond and filed in this court the complete record on January 20, 1956. The case is now before this court on the second appeal, to which counsel for defendant and appellee has filed a motion to dismiss on the ground that the record, not having been filed within the time set in the first order of appeal from the unsigned judgment, which said appeal was dismissed by this court, that the appeal must be considered as abandoned, citing Dupierris v. Sparicia, 164 La. 290, 113 So. 851. The law enunciated in this case is perfectly sound. It merely holds that where the appellant perfects his appeal and fails to file the transcript on or before the return day or within the delays of grace following the return day, he is conclusively presumed to have abandoned the appeal. The appellant in this case did not perfect his appeal, he could not perfect his appeal because he had no signed judgment from which he was appealing. The order granting the appeal as well as the fixing of the return day and the giving of bond were useless as they were based upon no signed judgment. In other words, the entire proceeding was null and void and without effect.
The appellant has properly secured a signed judgment, a valid order of appeal fixing the bond and return date, has filed a bond in accordance therewith and has filed the transcript in this court within the return date ordered by the District Judge.
The motion to dismiss is without merit and is overruled.
Counsel for plaintiff has set forth in his petition the complete grounds upon which he claims additional premium from the defendant as a result of an insurance contract with all endorsement and written additions to the policy being declared upon in the petition and annexed to and made a part of the petition and all being in the record. Also attached to and designated in the petition as well as on the endorsement itself is Plaintiff’s Ex. No. 6 which is a bill from the insurance company showing the total amount of premiums due under the policy *726 additions thereto and endorsements thereafter added to the policy, all of which are annexed to the petition. It shows total premiums of $2,440.78 due, with the payment of $1,952.64, leaving a balance of $288.14, the amount plaintiff is claiming from the defendant.
Counsel for defendant and ex-ceptor argues that plaintiff took upon itself the right of increasing the premiums on the contract of insurance without any consideration of the rights of the defendant. In support of this argument he cites the case of Isadore v. Washington Fire & Marine Insurance Co., La.App., 75 So.2d 247, 249, in which the Court held:
“It is elementary that modifications or changes in a contract must be made with the mutual consent of the parties to the contract. There must necessarily be a meeting of the minds of the parties and one party to the contract may not alter its terms without the assent of the other party. And this rule applies with equal force to policies or contracts of insurance. The insurance company in this instance, in the absence of securing the consent of the assured, had no more legal right to withdraw coverage on one of the insured buildings than the insured would have to alter the contract without obtaining the consent of the insurer so as to include in its terms additional property. In 44 C.J.S., Insurance, § 281, p. 1120, we find the following explanation:
“ ‘Whether the parties have actually altered or modified a particular policy or contract of insurance is a question of fact. In order that there may be a modification, there must be an agreement therefor, supported by a consideration, and neither party has a right to modify the contract without the consent of the other party. * * * >»
The legal proposition cited is undoubtedly correct but it is inapplicable to the pleadings of this case. According to the allegations of the petition, and attached to the original insurance policy issued by plaintiff to defendant and forming part of the agreement or contract between the parties, is an “Automatic Coverage Indorsement” (P-5) under the terms of which plaintiff insurer provided liability coverage “to all automobiles acquired by the Insured during the - Policy period and used for business purposes”, as well as to the fleet of motor vehicles owned by defendant insured at the .time the policy was isr sued. This endorsement further provided that the defendant insured must maintain a record of additions to and deletions from the fleet of automobiles insured, and that for the “Premium”: “The insured shall pay premiums computed on the amount of liability .under such , Policy at its inception date and the Company shall annually thereafter compute the amount of premium earned at the end of such period. Full settlement of the net amount of additional or return premium shown to be due at the end of each such period shall be immediately due and payable.”
Thus the defendant insured specifically consented to pay any additional premium due for liability coverage automatically afforded additional vehicles acquired by him during the policy year, if the allegations of the petition are true, and thus cannot be heard to complain that the insurer increased his premiums without his consent, at the end of the policy year after having received the additional insurance protection for which he agreed to pay. Such a policy provision, permitting payment initially of an estimated premium based on estimated experience, but requiring determination of the actual premium based on the actual experience at the end of the policy year after audit, with appropriate refund, or additional premium due, was upheld without question in American Employers’ Insurance Co. v. Furr, L^. App., 5 So.2d 343.
■ In the present. case, the allegations of plaintiff’s petition‘if'taken as true, which *727 they must be under the law for the purpose of this exception, allege a cause of' action, and he is entitled to have a trial on the merits.
It is therefore ordered that the judgment of the District Court be reversed and the exception of no cause of action be overruled and the case remanded to the District Court for further proceedings in accordance with law.