248 So.2d 332

Myrle G. **HEBERT**

v.

.The **TRAVELERS INSURANCE CO., The Travelers Indemnity Co., Guy Scroggins, Inc., Guy Scroggins Contractors, Inc., and Clifton J. Gaudet.**

No. 51366.

May 20, 1971.

TATE, Justice (dissenting).

The trial jury awarded the plaintiff $25,000 for serious injuries, apparently accepting the testimony of an attending specialist, who examined, treated, and hospitalized the plaintiff over a period of five months. In reducing the award to $5,000 general damages, the court of appeal relied on the testimony of two orthopedic specialists, who examined the claimant either one or two times and then for purposes of .litigation, as well as that of the surgeon who initially treated claimant as an emergency patient.

The intermediate court feels that it can evaluate the testimony of these three specialists as well as did the trial jury, because the doctors testified only by deposition.

The court overlooks, however: That the opinion of these doctors as to the painful residual of the injuries must in part be based upon the respective doctors' evaluation of the veracity of the plaintiff's complaints; that the trial jury, which observed the plaintiff over four days of trial, was in a far better position to make this evaluation, based upon all the medical and lay evidence, than were the two orthopedists who, for an examination fee, examined the plaintiff only for an hour or so; and that mere numerical superiority of medical witnesses does not constitute a preponderance of the evidence.

In denying the writ, my brethren of the majority apparently feel that the claimant's application presents only a question of fact, and that this court's writ-of-review jurisdiction is limited to questions of law. Art. VII, Sec. 11, La.Constitution.

For the reasons above noted, I feel that the court of appeal was in error as a matter of law in reducing the award. See also, Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971).

I respectfully dissent from the denial of this writ.