262 So.2d 920 (1972)
Mrs. Mildred W. INABINET, etc., et al.
v.
STATE FARM AUTOMOBILE INSURANCE CO. et al.
No. 8817.
Court of Appeal of Louisiana, First Circuit.
May 29, 1972.
*921 John D. Lambert, Jr. (Coe, Nowalsky & Lambert), New Orleans, for appellant.
Iddo Pittman, Jr. (Pittman & Matheny), Hammond, for appellee.
Before LANDRY, BLANCHE and TUCKER, JJ.
BLANCHE, Judge.
Judgment was rendered, read and signed on January 7, 1969, in favor of Mrs. Mildred W. Inabinet, individually, and against State Farm Mutual Automobile Insurance Company (hereinafter referred to as "State Farm"), Beverly Cousins and Sandra Ann Cousins, in solido, in the sum of $20,000 with legal interest thereon from date of judicial demand, i. e., August 18, 1964, until paid. In the same suit judgment was rendered in favor of Mrs. Mildred W. Inabinet and her husband, David S. Inabinet, and against the same three defendants, in solido, in the sum of $7,072.50, with legal interest thereon from the aforementioned date of judicial demand until paid. These judgments against State Farm were limited as to the total principal sum of $10,000, the applicable policy limit of the defendant-insurer. Judgment was also rendered in favor of the plaintiffs and against the aforementioned defendants for all costs of the proceedings. This judgment was affirmed on appeal.[1]
On December 1, 1970, State Farm deposited in the registry of the trial court the sum of $12,761.24, which sum was on that same day withdrawn by the plaintiffs, and which sum purported to represent a tender of the full amount owed by State Farm to the plaintiffs pursuant to the aforementioned judgment, exclusive of court costs, which State Farm expressly agreed to pay in addition thereto. State Farm filed a contradictory motion in the trial court and obtained an order requiring Mr. and Mrs. Inabinet, plaintiffs and defendants in rule, to show cause why the aforementioned sum tendered should not be declared to be the full amount owed by State Farm pursuant to the aforementioned judgment exclusive of court costs, and why the judgment against State Farm should not be erased and cancelled from the Mortgage Records as having been fully paid and satisfied. State Farm did not make its insureds, Beverly Cousins and Sandra Ann Cousins, defendants *922 in rule. At the trial of this motion, counsel for defendants in rule verbally objected to the nonjoinder of Beverly Cousins and Sandra Ann Cousins as defendants in rule, contending that they were indispensable parties with the result that their nonjoinder required dismissal of the rule. This objection was overruled by the trial court. Judgment was rendered in favor of State Farm and against plaintiffs-defendants in rule decreeing that the amount deposited by State Farm in the registry of the court was the correct amount owed by State Farm pursuant to the aforementioned judgment, exclusive of court costs, and ordering the judicial mortgage against State Farm arising from the recordation of the aforementioned judgment erased and cancelled. From this judgment plaintiffs-defendants in rule have appealed.
Plaintiffs-defendants in rule assign as their first specification of error the failure by the trial judge to sustain their verbal objection or exception urging nonjoinder of indispensable parties. This specification of error is without merit.
Louisiana Code of Civil Procedure Article 643 provides in the second paragraph the following:
"One or more solidary obligees may sue to enforce a solidary right, and one or more solidary obligors may be sued to enforce a solidary obligation, without the necessity of joining all others in the action."
Official Revision Comment (b) to Article 643 provides the following:
"(b) No change in the procedural law is made by the second paragraph of this article. All solidary obligees are not necessary parties to an action to enforce a solidary right, and all solidary obligors are not necessary parties to an action to enforce a solidary obligation. One or more may sue or be sued; and those not joined are not necessary parties. See Breedlove v. Nicolet, 7 Pet. 413, 8 L.Ed. 731 (1833)."
A mere reading of the foregoing statute indicates a legislative intent to negate expressly the contention that solidary obligors are either indispensable or necessary parties defendant in a judicial proceeding. Solidary obligors are proper parties defendant, but the joinder of all of them is not compulsory and the failure to join all solidary obligors does not require dismissal of the judicial proceeding for nonjoinder of indispensable parties. Obviously, State Farm and its insureds are solidary obligors under the facts of this case.
Appellants' second specification of error concerns the refusal by the trial court to oblige State Farm to pay legal interest on the full amount of the judgment computed from date of judicial demand until date of tender, which was the position indicated by State Farm's attorney in a letter addressed to counsel for plaintiffs-defendants in rule on October 28, 1970. (Record, p. 28) Counsel for appellants contends that State Farm is bound by this position, notwithstanding the fact that it fails to accord with existing Louisiana jurisprudence to the effect that the defendant-insurer is liable for legal interest only on the amount of its applicable policy limits from date of judicial demand until date of signing of the judgment, although thereafter the insurer is liable for all interest on the amount of the judgment, including that which exceeds its applicable policy limits, until the insurer pays or tenders the full amount which it owes, Doty v. Central Mutual Insurance Company, 186 So.2d 328 (La.App. 3rd Cir. 1966), writ refused, 249 La. 486, 187 So.2d 451.
This specification of error is likewise without merit. Appellants should not be permitted to capitalize on an admitted mistake made by counsel for State Farm, especially since appellants have demonstrated no prejudice or detrimental reliance thereon so as to warrant application of any theory of estoppel.
*923 Appellants' third specification of error concerns the refusal by the trial court to apply legal interest at the rate of seven percent per annum from July 29, 1970, the date on which Act 315 of 1970 amended Louisiana Civil Code Articles 1938 and 2924 by increasing legal interest from five percent per annum to seven percent per annum. This specification of error is likewise without merit, for the reason that the Louisiana cases have consistently held this amendment not to be retroactive, with the result that where a debt became due prior to July 29, 1970, the five percent per annum legal interest rate, rather than the seven percent per annum legal interest rate, applies. Inasmuch as an obligation arising out of a delictual action becomes due or bears legal interest from date of judicial demand, where judicial demand was made before the effective date of the increase in the legal interest rate, the legal interest rate in existence at the time of the making of judicial demand applies, Winzer v. Lewis, 251 So.2d 650 (La.App. 2nd Cir. 1971), writ refused, 259 La. 934, 253 So.2d 379; Hebert v. Travelers Insurance Company, 245 So.2d 563 (La.App. 3rd Cir. 1971), writ refused, 258 La. 903, 248 So.2d 332.
The final complaint by appellants is that the amount computed by State Farm to be owed pursuant to the judgment rendered in favor of plaintiffs is inadequate. The record shows that State Farm agreed with this contention and on March 14, 1972, counsel for State Farm forwarded to counsel for plaintiffs State Farm's check in the sum of $1,998.53 in supplementation of the $12,761.24 previously deposited in the registry of the court on December 1, 1970. The record further reflects that this tender was rejected and the draft returned to counsel for State Farm by counsel for appellants on March 15, 1972, as still being inadequate.
In order to resolve finally the dispute between the parties, we have computed the amount of interest for which State Farm is liable to plaintiffs in the following manner and for the following reasons.
In order for State Farm to be relieved of the obligation of paying additional interest on the judgment in favor of appellants, it was incumbent upon State Farm to tender the actual amount owed, and any error in the computation thereof must be imputed to State Farm with State Farm to bear the consequences thereof.
We subscribe to the formulation utilized by the Third Circuit Court of Appeal in Doty v. Central Mutual Insurance Company, 186 So.2d 328, 336 (La.App. 3rd Cir. 1966), writ refused, 249 La. 486, 187 So.2d 451, wherein a judgment of $25,000, with insurance limits of $10,000, was recast in the following manner:
"[W]ith the company's liability being limited (a) to its policy limits of $10,000.00 with all costs and legal interest thereupon from date of judicial demand until paid, and (b) to legal interest upon the excess award of $15,000.00 over policy limits from October 14, 1965 [date of judgment], until such time as (a) is paid or tendered."
This formulation, stated otherwise, means that until the principal amount of the applicable policy limits is paid or tendered, together with the legal interest thereon which has accrued from date of judicial demand to the date of such payment or tender, as well as all court costs,[2] the insurer is liable, in addition to the foregoing, for legal interest on the amount of the judgment in excess of the applicable policy limits, commencing from the date of judgment. Application of this formulation to the instant case results in the conclusion that inasmuch as State Farm's tender on December 1, 1970, of the sum of $12,761.24 was insufficient to cover both its $10,000 policy limits and the legal interest owed thereon from date of judicial demand until *924 date of tender, or the sum of $3,143.06, State Farm remained liable for legal interest on the excess judgment until State Farm tendered an additional sum of money sufficient to cover the previously accrued but unpaid balance of legal interest owed on its applicable policy limits, or the sum of $381.82.[3] Such tender occurred on March 14, 1972, with the result that State Farm's legal interest liability on the excess judgment is fixed for the period from the date of judgment, January 7, 1969, through March 14, 1972.
State Farm's liability, exclusive of court costs, can, therefore, be recapitulated as follows:

(1) State Farm's policy limits of
 $10,000 $10,000.00
(2) Legal interest at the rate of 5
 percent per annum on the policy
 limits of $10,000, from date of judicial
 demand, August 18, 1964, until
 date of tender of the policy
 limits and purported tender of legal
 interest due thereon, on December
 1, 1970 3,143.06
(3) Legal interest at the rate of 5
 percent per annum on the excess
 judgment in the sum of $17,072.50
 from date of rendition and signing
 of judgment on January 7,
 1969, through date of tender of
 balance of accrued legal interest
 owed on policy limits, March 14,
 1972 2,719.73
 __________
 TOTAL $15,862.79
 Less payment on December 1, 1970 12,761.24
 __________
 BALANCE OWED $ 3,101.55

For the foregoing reasons, the judgment appealed from is recast so as to read as follows:
"IT IS ORDERED, ADJUDGED AND DECREED that the liability of State Farm Mutual Automobile Insurance Company to Mrs. Mildred W. Inabinet and Mr. David S. Inabinet is $10,000, the applicable policy limits, plus five percent per annum legal interest thereon from date of judicial demand, August 18, 1964, until December 1, 1970, date of tender of the $10,000 policy limits and $2,761.24 of the $3,143.06, legal interest owed thereon and deposited in the registry of the court; plus legal interest at the rate of five percent per annum on the amount of the judgment in excess of the applicable policy limits or the sum of $17,072.57, from date of signing of the judgment of the trial court, January 7, 1969, through March 14, 1972, the date of completion of the tender of the balance of legal interest owed on the $10,000 policy limits, or the sum of $2,719.73; or the total sum of $15,862.79, subject to a credit of $12,761.24, leaving a balance owed by State Farm Mutual Automobile Insurance Company to Mrs. Mildred W. Inabinet and Mr. David S. Inabinet of the sum of $3,101.55.
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon payment or tender of the additional sum of $3,101.55 owed by State Farm Mutual Automobile Insurance Company to Mrs. Mildred W. Inabinet and Mr. David S. Inabinet, the judgment against State Farm Mutual Automobile Insurance Company dated January 7, 1969, be cancelled and erased from the Mortgage Records of the Parish of St. Tammany, the Parish of Orleans and any other parish where the judgment may have been recorded, insofar as State Farm Mutual Automobile Insurance Company is concerned.
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that State Farm Mutual Automobile Insurance Company pay all costs of these proceedings, both in the trial court and in the Court of Appeal."
Affirmed in part, reversed in part and rendered.
*925 LANDRY, J., dissents and will hand down written reasons.
LANDRY, Judge (dissenting).
I disagree with the majority holding that the insureds of State Farm are not indispensable parties to this action.
Classification of parties as indispensable or necessary, and the attending effect resulting therefrom upon a pending action, is a matter which has long perplexed and confused courts in general.
Our own law on the subject is contained in LSA-C.C.P. art. 641, which defines indispensable parties as follows:
"Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
"No adjudication of an action can be made unless all indispensable parties are joined therein."
Necessary parties are defined in LSA-C.C.P. art 642, which recites:
"Necessary parties to an action are those whose interests in the subject matter are separable and would not be directly affected by the judgment if they were not before the court, but whose joinder would be necessary for a complete adjudication of the controversy.
"An adjudication of an action may be made even if all necessary parties are not joined therein, but when timely objection is made to the nonjoinder of a necessary party the court shall require his joinder if he is subject to its jurisdiction."
Also pertinent are the provisions of LSA-C.C.P. art. 643, which classifies solidary obligees and obligors as non-necessary parties in that it provides:
"All joint obligees are necessary parties to an action to enforce a joint right, and all joint obligors are necessary parties to an action to enforce a joint obligation.
"One or more solidary obligees may sue to enforce a solidary right, and one or more solidary obligors may be sued to enforce a solidary obligation, without the necessity of joining all others in the action."
Equally pertinent is footnote (b) to Article 643, above, which observes that the classification of solidary obligors and obligees as non-necessary parties, is predicated upon Breedlove v. Nicolet, 7 Pet. 413, 8 L. Ed. 731.
The redactor's comment (b) to LSA-C. C.P. art. 641 makes it clear that our rules governing the joinder of indispensable and necessary parties accord with the federal rules on the subject as announced in the leading case of Shields v. Barrow, 17 How. 130, 15 L.Ed. 158.
I acknowledge indebtedness to the writer, Charles Edward Wright, whose work, Law of Federal Courts, Second Edition, Sections 70-71, Joinder of Claims and Parties, Pages 292-306, contains a most scholarly discussion of the development of the federal rules governing the classification of parties and the necessity for their joinder. It is shown that the federal courts have used the term "indispensable party" in referring to one whose connection is so vital or close that the action should be dismissed in the event of his nonjoinder. "Necessary parties", as defined by federal decisions, are those who should be joined if possible. The writer also notes that in decisions subsequent to Shields, above, the federal courts, without notable success, have attempted to clarify the definition of "indispensable parties" announced in Shields, above. Pursuant to the federal decisions "indispensable parties" have been held to be "persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot *926 be made without either affecting that interest or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience, ..." On the other hand, "necessary parties" were declared to be "persons having an interest in the controversy, who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice by adjusting all the rights involved in it * * * but whose interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice without affecting other persons not before the court." Shields v. Barrow, above.
The above concepts, with the attending difficulty of differentiation and application were incorporated into the federal law as evidenced by Rule 19, which was adopted in 1938, and remained in effect until 1966. Rule 19 provided that persons having a joint interest were required to be joined, but that an action could proceed in their absence if they were not indispensable. This development, as pointed out by Mr. Wright, did not provide a satisfactory criteria for distinguishing between an interest which required compulsory joinder and one which allowed permissive joinder. Upon the joint interest concept proving to be an unworkable and impractical method of distinguishing between indispensable and necessary parties, federal rule 19 was amended in 1966 in favor of more practical considerations. Present federal rule 19 provides in essence that a nonjoined party should be joined if, without him, complete relief cannot be afforded the existing parties, if the nonjoined party has such an interest in the subject matter that judgment without him would impair his ability to protect his interest, or if a judgment without him would result in the likelihood that those already parties could be subjected to double jeopardy. The present federal rule provides that if a party falls into any of the foregoing categories, he should be joined. If, however, such a party is outside the jurisdiction of the court, it must then be determined whether equity and good conscience permit the action to be adjudicated without him. Federal rule 19 now provides that the factors to be considered by a court in determining whether an action should be dismissed for nonjoinder of parties include, but are not necessarily limited to, the following: (1) The extent to which judgment would prejudice either the present parties or the nonjoined parties; (2) Whether or not protective measures can be taken in the decree to minimize or avoid prejudice to any party joined or nonjoined; (3) Whether a judgment rendered in the absence of the nonjoined party would be adequate, and (4) Whether plaintiff retains an adequate remedy in the event his action is dismissed because a nonjoined party in interest cannot be joined.
In effect the recent amendment of federal rule 19 abolishes the distinctions declared in Shields, above, and subsequent federal decisions, and substitutes in lieu thereof the requirement that any person whose rights will be affected by the litigation must be joined if joinder is possible. Only when joinder is shown to be impossible does the court face the question of whether the suit should be dismissed because the nature of the nonjoinable party's interest is such that a just decision cannot be reached without his presence.
It is elementary that one purpose of the joinder rules and regulations is to avoid multiple litigation, a circumstance which the law seeks to prevent for obvious reasons.
Our present codal provisions maintain the distinction between indispensable and necessary parties formerly prevailing in the federal courts.
The majority opinion correctly states that our jurisprudence is established to the effect that an insurer and its liability insured are bound in solido to a third party injured by an insured in an accident covered by the policy. LSA-R.S. 22:655; *927 Shaw v. New York Fire & Marine Underwriters, Inc., 252 La. 653, 212 So.2d 416; Saxon v. Fireman's Insurance Company of Newark, N. J., La.App., 224 So.2d 560. On this basis, it would initially appear, as held by the majority, that the provisions of LSA-C.C.P. art. 643 are dispositive of the indispensable party issue raised by Appellants. The unmistakable import of Article 643, above, is that solidary obligees and obligors are not even necessary parties to an action by one such obligee to enforce a solidary right or to an action in which one such obligor is sued to enforce a solidary obligation. At first glance it would appear that Article 643, above, dictates the conclusion that State Farm's insureds are not even necessary parties to the present action and therefore need not have been joined as held by the majority.
In my judgment, however, the facts peculiar to the instant case remove it from the ambit of Article 643, above. Although our jurisprudence, as noted, holds that the liability of insurer and insured is solidary, such solidary obligation exists only to the extent to which both are bound for the same amount. It is also noteworthy that while the obligation has been characterized as solidary, one of the fundamental principles of solidary liability, namely, the right to contribution, does not exist between insurer and insured. It is also significant that the present judgment exceeds the limits of the insurer's policy coverage, and that beyond said limits, the insureds are solely liable to Appellants for the principle sum due. Most important of all, the issue of liability for interest due on the insured's policy limits as well as the judgment in excess thereof is one which must be determined between the insurer and insureds.
I am aware of jurisprudence which holds that the insurer is liable for interest on its policy coverage from date of judicial demand, until paid, and on the excess principal sum from date of judgment to date of payment of its policy limits. See Orgeron v. Earl Gibbon Transport, Inc., La.App., 235 So.2d 134; Pittman v. Fowler, La. App., 191 So.2d 172. Despite the aforesaid jurisprudence, it seems obvious to me that the insured is entitled to litigate with his insurer the extent of the insurer's liability for interest both on the policy limits and on the excess above same. Obviously any interest which is not paid by the insurer under the circumstances of this case must be borne by the insured alone for there is no solidary obligation as to this latter sum. To me, it follows that the interests of the insureds are so directly and vitally affected by the decree that an equitable and complete adjudication of the controversy cannot be made without their joinder. I deem, therefore, that LSA-C.C.P. art. 643 is inapplicable, and that the insureds are indispensable parties to the rule taken herein by State Farm.
If my conclusions are correct, the opinion of the majority on the other issues are dicta.
I respectfully dissent.
NOTES
[1] Inabinet v. State Farm Mutual Automobile Insurance Company, 234 So.2d 827 (La.App.1st Cir. 1970), writ refused, 256 La. 791, 239 So.2d 172.
[2] Inasmuch as State Farm agreed to pay all court costs in connection with its tender of December 1, 1970, this particular factor presents no controversy.
[3] Of course, once State Farm paid or tendered its policy limits, it no longer remained liable for legal interest thereon. State Farm cannot be charged with interest on the unpaid balance of the accrued legal interest in the sum of $381.82, as such would amount to charging interest on interest which under these circumstances is reprobated by Louisiana Civil Code Article 1939.