275 So.2d 196 (1973)
Woodruff M. BROUILLETTE et al., Plaintiffs-Appellees,
v.
STATE of Louisiana, THROUGH DEPARTMENT OF HIGHWAYS, Defendant-Appellant.
No. 4087.
Court of Appeal of Louisiana, Third Circuit.
March 12, 1973.
Rehearing Denied April 2, 1973.
*197 Robert J. Jones, La. Dept. of Highways, Baton Rouge, for defendant-appellant.
Roy & Roy by A. J. Roy, Jr., Harold J. Brouillette, Marksville, for plaintiffs-appellees.
Before FRUGÉ, MILLER and DOMENGEAUX, JJ.
FRUGÉ, Judge.
On November 26, 1969, Mathilda Brouillette was driving her automobile on Louisiana Highway 453 when she encountered an oil slick which caused her to lose control of her car and hit a concrete culvert on the side of the road. Her mother and three sisters were passengers in the car. Each person in the car was injured. The slick was caused when hydraulic fluid leaked from a broken hydraulic tank on a Highway Department truck while Department employees were trying to remove the vehicle from a ditch along side the highway. At trial, the Brouillette's suit against the Department of Highways was consolidated with one against the same defendant by Motors Insurance Corporation which had filed suit to recover on its subrogation rights for the amount it had paid Mr. Brouillette under a collision policy.
*198 The trial court found that the Department's employees were negligent in not having washed the fluid from the highway and in leaving the roadway in a dangerous condition. Judgment was rendered in favor of all the plaintiffs against the defendant.
On this appeal, liability is not at issue. The defendant-appellant's sole contention is that "there should be a reduction in the amount of damages awarded by the trial court." In particular, the Department of Highways argues that the following awards for injuries, pain, suffering, disfigurement and disability are excessive: (1) $120,000 to Lucille R. Brouillette, (2) $1,155 to Mathilda Brouillette, and (3) $2,500 to Lou Ella Brouillette. Plaintiffs have answered the appeal and seek an increase in the awards. We affirm.
We have thoroughly studied the record and agree with the the trial judge's findings. Rather than discuss at length the details of Mrs. Brouillette's injuries, we shall quote from the trial judge's reasons for judgment his brief summary of her injuries (and treatment through December 31, 1971) which fully supports the award of $120,000:
"She was almost killed in the accident; though not rendered unconscious immediately after the accident, in her mind, she was conscious of impending death; she said she would not make it, she received the last rites for the ailing from a Catholic priest. Among the injuries sustained by her were:
(a) Compound and comminuted fracture of the lower jawbreaks in several places and fragmented.
(b) A crushing injury of the windpipe resulting in inability to breath and tracheotomy was necessary.
(c) Lost five teeth from bottom jaw; upper denture plate was broken.
(d) A broken left leg (a metal pin inserted in the femur and subsequent removal surgery); deep cut on other leg.
(e) Cuts and contusions about the face and neck.
(f) Jaws wired together several weeks.
(g) Traction for the broken leg was necessary.
(h) Unable to speak for weeks; had to write messages; in intensive care for 12 days.
(i) Tube feeding was necessary; intravenously and through nasal passage.
(j) A catheter was necessary for 20 days.
(k) A cardiac arrest occurred during the initial surgery.
(l) Great pain; terrific headaches; body aches; continual suffocation and inability to breath.
(m) A poor union of the jaw bones overlapping pieces instead of end to endcausing a receding "Andy Gump" lower jaw.
(n) Unable to open mouth wider than diameter of her index finger; cannot masticate well; teeth are not aligned; only soft foods permitted through small opening she has; causes poor oral hygiene.
(o) Has facial scars4 inches on forehead; 3½ inches in her chin; a small scar over her eye.
(p) Plastic surgery is indicated and recommended; a condilectomy, which with surgery and hospitalization would cost about $2,100.00 to $2,500.00. And a mentoplasty is also indicated for cosmetic reasons, *199 which would cost another $700.00 to $1,000.00. These would improve her condition 100%, but she would still have only 66 to 70 percent recovery of her normalcy.
(q) She was bed-ridden and in great pain for five months.
Mrs. Brouillette, who is 48 years of age, was a very active and hardworking woman. She has a family; she, herself, was offered in evidence and since she contemplates the further surgeries recommended the Court can see that her pain and suffering is not over."
Appellant has divided Mrs. Brouillette's injuries into several categories and attempted to show the highest damages awarded for each category. It cites many cases which it contends set an upper and lower limit of awards for hip injuries, another range of awards for fractures of the jaw, and another range of awards for lacerations. It then argues that Mrs. Brouillette's damages should be no more than the sum of the awards for the individual injuries which she sustained. Such an approach has no basis in law or in reason.
In cases of damages caused by offenses or quasi offenses, much discretion must be left to the judge or jury. The amount of damages assessed should not be disturbed unless the appellate court's examination of the facts reveals a clear abuse of discretion by the trial court. The type of injury has little significance in determining the amount of damages. The amount of awards in similar cases are relevant only to determine if there has been an abuse of discretion. Each case must be evaluated according to its own peculiar facts and circumstances as to the damage caused by the type of injury. Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Ballard v. National Indemnity Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64 (1964); Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971); Brignac v. Pan American Petroleum Corporation, 224 So.2d 84 (La.App. 3rd Cir., 1969).
We need not dwell on the fact that several serious injuries to different parts of the body have a much greater traumatic effect on an individual than the sum of the effects of each individual injury on an otherwise uninjured person. In view of the devastating injuries to Mrs. Brouillette, we find that the award of the trial court is somewhat low. However, in view of the great discretion awarded to the trial court, we cannot say that it is so inadequate or so excessive that it should be amended.
The Department also argues that Mathilda Brouillette's injuries should be reduced from $1,155 to "somewhere between $500 and $800" and that the damages of Lou Ella Brouillette should be reduced from $2,500 to $1,000. Lou Ella Brouillette suffered bruises about her body including two black eyes. Her nose was cut and broken, and she also received a knee injury. Although her nose was sutured immediately after the wreck, corrective surgery had to be postponed until the swelling subsided. She then underwent surgery for nasal reconstruction after which she was hospitalized for two and one-half days. She was unable to breathe through her nose until after the corrective surgery was completed. She suffered headaches for some time after the accident. Mathilda Brouillette suffered contusions about her torso and right leg. She had a cut near the right eye which had to be sutured as well as cuts in her upper lip and inside of her mouth. She was incapacitated for four days during the Thanksgiving holidays and then missed one week of work. Because of swelling in her mouth, she was unable to eat for several days after the accident. An injury to her right ankle caused pain and suffering until January 1st, 1970. In view of the evidence of their *200 injuries and the great discretion of the trial court, we cannot say that the awards to Mathilda and Lou Ella Brouillette are so inadequate or so excessive as to constitute an abuse of the discretion of the trial court.
In his answer to the appeal, counsel for plaintiffs-appellees prays that the damages awarded to each plaintiff should bear interest at 7% per annum from the date of judicial demand as per Act 315 of 1970. Plaintiffs-appellees' original petition for damages was filed on January 14, 1970, long before the effective date of the act. Therefore, the damages awarded to plaintiffs-appellees bear interest at 5% per annum. Winzer v. Lewis, 251 So.2d 650 (La.App. 2nd Cir., 1971), writs refused 259 La. 934, 253 So.2d 379 (1971); Hebert v. Travelers Insurance Company, 245 So.2d 563 (La.App. 3rd Cir., 1971), writs refused 258 La. 903, 248 So.2d 332 (1971); Inabinet v. State Farm Automobile Insurance, 262 So.2d 920 (La.App. 1st Cir., 1972).
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to defendant-appellant.
Affirmed.

ON APPLICATION FOR REHEARING
PER CURIAM.
In our original opinion, costs were inadvertently assessed to the defendant-appellant, Department of Highways. The Department has directed our attention to R.S. 13:4521 which relieves the Department of Highways of court costs except for stenographic costs for taking testimony. McCallum v. State, through Department of Highways, 246 So.2d 46 (La.App. 3rd Cir., 1971). Accordingly, our opinion is amended to delete the assessment of costs to the Department of Highways. With this amendment, the application for rehearing is denied.