344 So.2d 21 (1977)
HANCOCK BANK, Defendant and Appellee,
v.
R. W. ALEXANDER et al., Defendants and Plaintiff in Reconvention, Appellants.
No. 5783.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1977.
*22 Daniel J. McGee, Mamou, for defendants and plaintiffs in reconvention, appellants.
Donald Soileau, Mamou, for defendant-appellee.
Before HOOD, CULPEPPER and GUIDRY, JJ.
CULPEPPER, Judge.
This is an appeal from a judgment awarding damages and attorney's fees to plaintiff in reconvention, W. Ray Alexander, for the wrongful seizure of his automobile by defendant in reconvention, Hancock Bank. Alexander seeks an increase in both the damages and attorney's fees and an award of legal interest on his judgment.
The substantial issues are: (1) Did the trial court abuse its discretion in awarding damages of $250 and attorney's fees of $1,500? (2) Should the judgment of the trial court be amended to add an award of legal interest as prayed for in Alexander's reconventional demand? (3) Did the trial court err in overruling Hancock Bank's declinatory exception that the court has no jurisdiction over its person?
The history of this litigation is shown by the decision of this Court at 227 So.2d 183 (1969) and the decision of our Supreme Court at 256 La. 643, 237 So.2d 669 (1970).
The Supreme Court remanded the case to the district court for a determination of the amount of damages and attorney's fees due to Alexander for the wrongful sequestration of his automobile.

DAMAGES AND ATTORNEY'S FEES
The evidence as to damages shows that Mr. Alexander went to Vietnam in October of 1967. When he left the country, the 1965 Cadillac automobile belonging to the community remained in the possession of his wife. Upon returning to Louisiana in July of 1968, Mr. Alexander made no effort to locate either his wife or the automobile, apparently being content to allow his estranged wife to use the automobile.
The unlawful seizure of the Cadillac by the mortgagee Hancock Bank occurred on July 25, 1968, about one month after Mr. Alexander's return. At the time of the seizure, the automobile was in the possession of Mrs. Alexander, who was living in Ville Platte. Mr. Alexander lived in Iowa, Louisiana at that time. He was not using the car when it was seized, nor did he see the seizure. He acquired his first knowledge of the seizure when an attorney representing *23 his wife in divorce proceedings sent him a letter concerning it. Thereafter, the same attorney added Mr. Alexander as a plaintiff in reconvention in a demand against the Bank for wrongful seizure. The reconventional demand against Hancock Bank was originally filed only in the name of Mrs. Alexander.
The trial court is vested with broad discretion in setting the amount of damages and attorney's fees. In the present case, our review of the record discloses no abuse of discretion in this regard.
As stated above, the evidence shows that Mr. Alexander did not have possession of the automobile when it was seized. He did not know where the car was, nor had he made any effort to locate it. He did not depend on the automobile as a source of transportation. He did not witness the seizure. Mr. Alexander was apparently content to allow his estranged wife to use the automobile as long as she wished. Clearly, Mr. Alexander suffered little if any damage as a result of the seizure. Therefore, the relatively low damage award of $250 for humiliation, embarrassment, loss of use of the automobile, resulting from the wrongful seizure, is reasonable under the circumstances.
The award of $1500 for attorney's fees does not amount to an abuse of the broad discretion granted trial courts in setting attorney's fees. Accordingly, we will disturb neither the amount awarded for damages, nor the amount awarded for attorney's fees.

JURISDICTION
Hancock Bank, a resident and domiciliary of Mississippi, argues that the trial court erred in overruling its declinatory exception of no jurisdiction over its person. The Bank argues that the requisite minimum contacts did not exist between Louisiana and Hancock Bank. There is no merit in this argument.
"Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. . ." LSA-C.C.P. Art. 6. Personal jurisdiction may be based on "the submission of the party to the exercise of jurisdiction over him personally by the court, or his express or implied waiver of objections thereto." LSA-C.C.P. Art. 6(3). Hancock Bank made a general appearance and submitted itself to the jurisdiction of Louisiana courts when it filed suit against Mr. Alexander in a Louisiana court. Furthermore, it waived any objection to jurisdiction when it answered Alexander's reconventional demand for damages for wrongful seizure. LSA-C.C.P. Arts. 6 and 7; Imperial v. Hardy, 302 So.2d 5 (La.1974).

LEGAL INTEREST
Alexander argues that the trial court erred in failing to include in its judgment an award for legal interest. We agree.
Article 1921 of our Code of Civil Procedure provides:
"The court shall award interest in the judgment as prayed for or as provided by law."
LSA-R.S. 13:4203 states:
"Legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, `ex delicto', which may be rendered by any of the courts."
Alexander prayed for legal interest and is entitled to it. The rate of interest to be applied is 5%, the rate which was in effect on the date of judicial demand. LSA-C.C. Arts. 1938 and 2924; Brouillette v. State of Louisiana, 275 So.2d 196 (La.App. 3rd Cir. 1973) and cases cited therein. Under the express provisions of LSA-C.C.P. Art. 3506, attorney's fees for dissolution of the writ are "an element of damages." Therefore, Alexander is entitled to legal interest on his entire damages, including attorney's fees, from date of judicial demand until paid.
For the reasons assigned, the judgment of the district court is amended to include an award of 5% legal interest on the entire award of $1750 from date of judicial demand until paid. In all other respects, the *24 judgment of the district court is affirmed. All costs in both the trial and appellate courts are assessed against Hancock Bank.
AFFIRMED, AS AMENDED.