344 So.2d 91 (1977)
James J. O'DONNELL, Jr., Plaintiff-Appellee,
v.
FIDELITY GENERAL INSURANCE COMPANY et al., Defendants-Appellants-Appellees.
No. 13170.
Court of Appeal of Louisiana, Second Circuit.
March 21, 1977.
*92 Bodenheimer, Jones, Klotz & Simmons by G. M. Bodenheimer, Jr., Shreveport, for defendant-appellant Market Ins. Co.
Booth, Lockard, Jack, Pleasant & LeSage by Henry A. Politz, Shreveport, for plaintiff-appellee James J. O'Donnell, Jr.
Pugh & Nelson by Robert G. Pugh, Shreveport, for defendant-appellee Yellow Cab Company of Shreveport, Inc.
Before PRICE, HALL and JONES, JJ.
HALL, Judge.
Plaintiff, James J. O'Donnell, Jr., was injured on October 19, 1969, when he was struck by a taxicab driven by an employee of Yellow Cab Company of Shreveport, Inc. He filed suit against (1) the driver, Ella Mae Lampkin; (2) Yellow Cab Company; (3) Fidelity General Insurance Company, the primary insurer of Yellow Cab with policy limits of $25,000; and (4) Market Insurance Company, excess insurer of Yellow Cab with policy limits of $75,000. The action was stayed against Fidelity General, which had been placed in conservation.
After trial, judgment was rendered in favor of plaintiff against the remaining defendants in solido for $97,760.88, with Market Insurance Company's liability being limited to the amount over $25,000, or $72,760.88, together with 7% interest from date of judicial demand until paid and all costs.
Market appealed, contending that the damages awarded were excessive, that the terms of its policy relieved it of liability for interest and costs, and, alternatively, that legal interest should be at the rate of 5%. Plaintiff and Yellow Cab answered the appeal, asking that the judgment be interpreted or modified to cast Market with all legal interest on the total amount of the judgment and all costs. We affirm the principal amount of the judgment and modify it to clarify the liability of the parties for interest and costs.
Quantum
Plaintiff's injuries were a fracture of the proximal fibula, torn cartilage and *93 ligaments in the right knee, and a sprain in the lower back. He underwent surgery on the knee, was hospitalized for over a month, and wore a full leg cast for another two weeks. When the cast was removed, the knee was found to be unstable, and the leg was swollen and discolored. In late March, plaintiff reentered the hospital. He was diagnosed to be suffering from a serious case of thrombophlebitis, an inflammatory reaction of blood vessels associated with the formation of a clot. The attending physician testified that the phlebitis was a frequent complication following surgery and resulting inactivity. The right leg was very swollen, and was still extremely swollen and discolored at the time of trial.
The phlebitis is chronic, permanent, and likely to worsen with the passage of time. The condition makes further surgery on plaintiff's unstable knee impossible. Plaintiff's back condition, described as a severe sprain, cannot be corrected due to his circulatory problems. The trial judge found that the injuries "are serious, permanent and were nearly fatal." He further found that the accident "had seriously reduced the vitality and life expectancy of an extremely energetic individual." He awarded $10,260.88 in special damages and $87,500 in general damages.
The combination of the phlebitis, the bad knee, and the sprained back has been disabling. Plaintiff functions with difficulty, and the testimony of the attending physician establishes that his condition is likely to worsen rather than improve. Under these circumstances, the trial judge did not abuse his discretion in the award of damages. See Coco v. Winston Industries, 341 So.2d 332 (La.1976).
Interest and Costs
Market's insurance policy expressly excludes interest on judgments and costs from the coverage provided by the policy. Although plaintiff and Yellow Cab argue that the policy provisions are contradictory and ambiguous, the exclusion is express. The policy provides that the insurer agrees to indemnify the insured in accordance with the applicable insuring agreements of the primary insurance against "loss" as fully and to all intents and purposes as though the primary insurance had been issued for the combined limits of the two policies. However, "loss" is defined to exclude "all expense and costs." The term "costs" is defined to include "interest on judgments."
The provisions of the insurance policy should be given effect except to the extent they conflict with law or public policy.
LSA-R.S. 13-4203 provides that interest shall attach from date of judicial demand on all judgments sounding in damages, ex delicto. Any provision of a liability insurance policy which purports to limit the insurer's liability for legal interest to less than the legal rate on the amount of the judgment against the insurer from date of judicial demand until paid contravenes the statute and, to that extent, cannot be given effect. Soprano v. State Farm Mutual Automobile Insurance Company, 246 La. 524, 165 So.2d 308 (1964); LeBlanc v. New Amsterdam Casualty Co., 202 La. 857, 13 So.2d 245 (1943); Doty v. Central Mutual Insurance Company, 186 So.2d 328 (La.App. 3d Cir. 1966), writ refused 249 La. 486, 187 So.2d 451 (1966). The statute does not, however, require an insurer to pay legal interest on any amount beyond its policy limits or the amount of the judgment against it. Accordingly, numerous cases hold that an insurer is liable for legal interest from judicial demand only on the amount of the judgment against the insurer and not on the amount of any excess judgment against the insured. Doty v. Central Mutual Insurance Company, supra; Ogaard v. Wiley, 325 So.2d 642 (La.App.3d Cir. 1975); Glazer v. Louisiana Trailer Sales, Inc., 313 So.2d 266 (La.App. 4th Cir. 1975); Richardson v. Tate, 269 So.2d 278 (La.App. 4th Cir. 1972), writ refused 271 So.2d 260 (1973); Inabinet v. State Farm Automobile Insurance Co., 262 So.2d 920 (La.App. 1st Cir. 1972); Orgeron v. Earl Gibbon Transport, Inc., 235 So.2d 134 (La.App. 4th Cir. 1970); McCrossen v. Bieszczard, 234 So.2d 763 (La.App. 4th Cir. 1970); Pittman v. *94 Fowler, 191 So.2d 172 (La.App. 3d Cir. 1966).
Most liability insurance policies contain a "supplementary payments" provision obligating the insurer to pay, in addition to the applicable limits of liability, all interest on the entire amount of any judgment which accrues after entry of judgment and before the company has paid that part of the judgment which does not exceed the company's liability thereon. This provision has been interpreted to obligate the insurer to pay legal interest from date of judgment on the total amount of the judgment against the insured, even though such judgment exceeds the amount for which the insurer is liable. The reasoning behind the policy provision and the court's interpretation thereof is to prevent the insured from incurring additional interest because of an appeal by the insurer who has control of the litigation. Doty v. Central Mutual Insurance Company, supra; Glzer v. Louisiana Trailer Sales, Inc., supra; Appleman, Insurance Law and Practice, § 4899; Couch on Insurance 2d, § 56:36. See also Annot., 76 A.L.R.2d 983 (1961).
The excess liability policy issued by Market does not contain a "supplementary payments" provision obligating it to pay interest on the entire judgment from date of judgment. To the contrary, the policy expressly excludes any obligation on the part of the insurer to pay interest on judgments. The holding of the Doty line of cases is not applicable to the insurance policy in this case, and Market is not obligated to pay interest on the entire judgment after date of judgment. Its obligation is limited to that required by LSA-R.S. 13:4203, i. e., legal interest on the amount of the judgment against it from date of judicial demand until paid.
The circumstances of this case would not usually occur. Ordinarily, there would be judgment against the primary insurer, which under the supplementary payments provisions of its policy, would be obligated to pay interest on the amount of the judgment against it from judicial demand until date of judgment and on the entire amount of the judgment after date of judgment. See Ogaard v. Wiley, supra; Glazer v. Louisiana Trailer Sales, Inc., supra; Richardson v. Tate, supra.
The problem in the instant case arises from the inability to obtain judgment against the primary insurer because it was placed in conservation, effectively leaving Yellow Cab uninsured and as a self-insurer as to the first $25,000 of liability. Nothing in the excess liability policy requires Market to assume what would have been the primary insurer's liability, either for the principal amount or for legal interest on the amount of the primary coverage. Yellow Cab's payment of legal interest which it would not have had to pay if the primary coverage was effective is due to the failure of the primary coveragenot to any inequities or unreasonable provisions in the excess policy.
Market contends that because its policy states that the company shall "indemnify" the insured for its loss, the contract is an indemnity contract and not liability insurance, and the rules applicable to liability policies do not apply. Numerous cases have rejected this contention in various contexts, one of the more recent being Ralston Purina Company v. Cone, 304 So.2d 735 (La.App.2d Cir. 1974). The policy issued by Market is in every respect a liability insurance policy. It is even labeled as such by the company itself.
Market also argues that the legal rate of interest should be governed by the date of the accident, which occurred prior to the time that the legal interest rate was raised from 5% to 7%. In ex delicto cases, legal interest attaches from the date of judicial demand. That date fixes the interest rate. Winzer v. Lewis, 251 So.2d 650 (La.App. 2d Cir. 1971), writ refused 259 La. 934, 253 So.2d 379 (1971); Inabinet v. State Farm Automobile Insurance Co., supra; Hebert v. Travelers Insurance Company, 245 So.2d 563 (La.App. 3d Cir. 1971), writ refused 258 La. 903, 248 So.2d 332 (1971). Since the 7% rate was in effect at the time of the filing of the instant suit, interest on *95 the judgment is due at the rate of 7% from the date of judicial demand.
The judgment of the district court cast all defendants in solido for costs. The policy provision excluding payment of costs by the insurer is contrary to LSA-C.C.P. Art. 1920 which provides that the court may render judgment for costs against any party as it may consider equitable. The policy provision cannot be given effect. Ogaard v. Wiley, supra. The assessment of costs against all defendants in solido was within the trial court's discretion and was not inequitable.
Conclusion
In accordance with the views expressed in this opinion, the judgment of the district court is amended and recast as follows:
It is hereby ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, James J. O'Donnell, Jr., and against defendants, Yellow Cab Company of Shreveport, Inc., Ella Mae Lampkin, and Market Insurance Company, in solido, in the amount of $97,760.88, together with 7% per annum legal interest thereon from date of judicial demand until paid, and all costs of these proceedings; with Market Insurance Company's liability being limited to $72,760.88, together with 7% per annum legal interest on $72,760.88 from date of judicial demand until paid and all costs of these proceedings.
As amended, the judgment is affirmed. The costs of appeal are assessed to Market Insurance Company.
Amended, and as amended, affirmed.