HALL, Judge.
Plaintiffs, Ruth T. and Warren Dement, appeal the amounts of certain awards in a judgment against defendants, Roy Bar-nette, his employer Grady Brothers Farms, and its insurer, Bankers and Shippers Insurance Corporation, for injuries Ruth Dement received when plaintiff’s car struck defendant’s trailer. Defendants appeal the trial court’s finding that Ruth Dement was not contributorily negligent.
The issues on appeal are whether the trial court erred in (1) finding that Ruth Dement was not contributorily negligent; (2) not awarding plaintiffs damages for future medical expenses of Ruth Dement; (3) awarding only $844.67 instead of $1,426.08 for the expenses plaintiffs incurred in hiring the nursing services of Minnie Young; and (4) awarding only $20,000 in general damages for the injuries suffered by Ruth Dement.
The accident occurred on Highway 80, a four-lane, east/west divided highway in Bossier City, at about 8:45 p. m. on March 23, 1977. Roy Barnette, an employee of Grady Brothers, was driving a tractor with an empty flat-bed trailer west on Highway 80 when he passed up the motel in which he intended to stay for the night. He turned left into a crossover through the median ground so as to reach a parking area across the eastbound lanes of traffic. He stopped with the tractor in the crossover and with the trailer blocking the westbound lanes of traffic because he had to wait on the eastbound traffic to clear. Plaintiffs were proceeding west on Highway 80 with Ruth Dement driving at approximately 40 miles per hour. She first noticed a “red triangle” in the median of the highway while at a considerable distance from the crossover. She drove on, seeing nothing in the road. Suddenly, when only a short distance from the trailer, she saw it in front of her. She hit the brakes hard, leaving about 30 feet of skidmarks, and struck the trailer near the back wheels. The trial court found the sole proximate cause of the accident was the negligent operation of the tractor/trailer rig by Barnette and that Mrs. Dement was not contributorily negligent.

*204
Contributory Negligence

Defendants contend plaintiff was contributorily negligent. They admit defendant’s trailer was blocking the inside westbound lane. Defendants contend that Mrs. Dement saw the lights and the reflector on the cab and should have seen the rear and side trailer lights and should have observed traffic going around the trailer. They argue she was negligent in failing to keep a proper lookout. They also note that while there were no streetlights in the area, there were two floodlights which partially lighted the highway. Finally, they argue her failure to maneuver into the outside lane and pass the trailer was negligence.
The evidence, including the testimony of three investigating policemen, establishes the trailer was virtually invisible to a motorist proceeding westerly. It was nearly perpendicular across the road so that the rear lights could not be seen. The clear preponderance of the evidence is that the trailer had only one side-light in operation and it did not have a lens or reflector and was at least partially obscured by a chain. The trailer was approximately one foot thick and dirty. It was dark at the scene despite the lights in the parking lot adjacent to the highway. The lights or red triangle Mrs. Dement saw in the median gave no cause for her to expect the westbound lanes to be blocked. Mrs. Dement testified she did not and could not see the trailer until it was too late to stop. One of the officers corroborated this when he testified that he could not see the trailer until he was nearly on it. Any attempted evasive action at the time she sighted the trailer would have been unsuccessful as the evidence indicates the trailer was blocking all of the inside westbound lane and at least part of the outside lane. We concur in the trial court’s finding that Mrs. Dement was not negligent in failing to see the nearly invisible trailer stretched across the highway.

Quantum

Plaintiffs were taken to the hospital after the accident where Mrs. Dement was admitted for treatment. Dr. Baer I. Rambach, an orthopedic surgeon, determined that the injuries to the right knee justified an operation. The surgery revealed that Mrs. Dement had suffered a comminution fracture of the lateral femoral condyle of the right femur at the right knee, a tear in the lateral-collateral ligament, and a torn lateral cartilage. The surgeon removed the cartilage and certain bone fragments, stapled the ligament back together and stapled the rest of the shattered bone into place. Plaintiff was in the hospital for 16 days and upon release had to have nursing care 24 hours a day for some time. After approximately four months plaintiff could walk with a walker and by seven months she was using crutches. Recovery was very difficult and very slow for several reasons, including plaintiff’s generally poor physical condition. Plaintiff is 67 years old, suffers from high blood pressure and is overweight. During this time plaintiff complained of a great deal of pain. Dr. Rambach testified that plaintiff’s preexisting arthritis was aggravated by the accident and that the knee is so unstable plaintiff will need at least a brace and probably ambulatory assistance for the rest of her life. The injury has resulted in a 30 to 40 percent disability of the body as a whole. Plaintiff is unable to pursue many of the activities she pursued prior to the accident.
Plaintiffs complain that the $20,000 award for Mrs. Dement’s pain and suffering is inadequate and amounts to an abuse of the trial court’s discretion. They contend the award should be increased to a minimum of $100,000. In support of this contention plaintiffs cite Lanclos v. Hartford Acc. & Indem. Co., 366 So.2d 621 (La.App. 3d Cir. 1978); O’Donnell v. Fidelity General Ins. Co., 344 So.2d 91 (La.App. 2d Cir. 1977); and Willis v. Everett, 359 So.2d 1080 (La. App. 3d Cir. 1978) in which the awards ranged from $80,000 to $150,000 for injuries of a similar nature. Defendants contend that in the Landos and O’Donnell cases the injuries were much more painful and of a much more severe nature than those here. Defendants suggest that the court consider Mixon v. Allstate Insurance Company, 300 *205 So.2d 232 (La.App. 2d Cir. 1974), writ denied 303 So.2d 179 (1974); Foxworth v. State Farm Mutual Automobile Ins. Co., 308 So.2d 348 (La.App. 4th Cir. 1975); Guillot v. Travelers Indem. Co., 338 So.2d 334 (La.App. 3d Cir. 1976), writ refused 341 So.2d 408 (1977); Molaison v. West Bros. of Thibodaux, 338 So.2d 726 (La.App. 1st Cir. 1976), where similar injuries resulted in awards of from $12,500 to $18,000 for pain and suffering, and affirm the general damage award.
Applying the methodology for appellate review of awards for general damages most recently reiterated by the Supreme Court in Reck v. Stevens, 373 So.2d 498 (La.1979), we determine initially that the record clearly reveals the trial court abused its discretion under the facts and circumstances peculiar to this case and this particular plaintiff. The present award is greatly disproportionate to the mass of past recent awards to injured persons of similar age, with similar injuries and similar disabilities and consequences, as shown by the cases cited by plaintiffs. The cases cited by defendants, although involving generieally similar injuries, involved substantially dissimilar disabilities and consequences, and are not as recent. In the present case, the disability, effects and consequences resulting from the injury are serious and permanent.
Having determined that the record supports a finding that the trial court abused its much discretion, our function is to raise the award to the lowest point which is reasonably within the discretion afforded the trial court.
The cases cited by plaintiffs represent maximum or at least median awards for the similar injuries and disabilities involved in those cases. Under the facts and circumstances of the present case, we determine the lowest award for general damages within the trial court’s discretion to be $40,-000, and will amend the judgment accordingly.
Plaintiffs also assign as error the trial court’s failure to award them damages for future medical expenses. Dr. Rambach suggested the knee be replaced with a plastic joint. However, he noted plaintiff was a poor candidate for this surgery because of her age, weight and health. Plaintiff also testified she refused to submit to such an operation because of her past experiences with surgery. No award is due for a future knee replacement operation because the testimony of Dr. Rambach and plaintiff establishes the probability of an operation is negligible. Wexler v. Martin, 367 So.2d 111 (La.App. 4th Cir. 1979). Plaintiffs also argue that because Mr. Dement is 81 and is currently providing nursing care to Mrs. Dement who is only 67, in all probability she will survive him and will incur expense in replacing his nursing services. This claim is somewhat speculative in nature, but it stands to reason that due to her continuing disability and need for care, some additional expense will be incurred. Although the cost cannot be determined with any certainty, we fix an award for future medical and nursing expense at $1,000. Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (La.1971).
Finally, plaintiffs contend they proved $1,426 in medical expenses paid to Minnie Young for nursing services rendered. The trial court awarded only $844.67 for these services. The record contains evidence of the payments made by checks for Minnie Young’s services. Many of these checks and the testimony about them reflect advances to her for different purposes including house payments, Ruben-stein’s account, and advance payments for bail of a friend. Plaintiffs contend they have proved that while these payments were made in advance Minnie Young did render the services and, thus, they are entitled to recover them. The trial court apparently felt that some of the payments were not earned. The evidence in the record supports this conclusion and we cannot say the trial court was clearly wrong. Therefore, this portion of the trial court’s judgment is affirmed.

Decree

For the reasons stated above, we amend the trial court judgment to increase the *206 award to Ruth Dement for her pain and suffering from $20,000 to $40,000 and to award Warren Dement the additional sum of $1,000 for future medical and nursing expense. As amended, the judgment is affirmed at defendants’ costs.
Amended, and as amended, affirmed.