75 So.2d 247 (1954)
Charles ISADORE, Plaintiff and Appellee,
v.
WASHINGTON FIRE & MARINE INSURANCE COMPANY, Defendant and Appellant.
No. 20108.
Court of Appeal of Louisiana, Orleans.
October 18, 1954.
Rehearing Denied November 8, 1954.
John T. Charbonnet, New Orleans, for plaintiff and appellee.
Weiss & Weiss and Harold Marx, Jr., New Orleans, for defendant and appellant.
*248 McBRIDE, Judge.
On December 7, 1950, defendant insurance company issued to plaintiff a standard fire policy insuring two dwellings, both bearing the Municipal No. 2123 Charbonnet Street, for $2,500. The buildings, which were of equal value, were damaged by fire on December 22, 1951, to the extent of $305.50 on the front building and $1,150 on the rear building.
Defendant conceded its liability for the loss sustained by the front building, but it refused to pay the loss to the rear building, and plaintiff instituted this suit to enforce payment of the aggregate amount of the damage to both structures. Upon the suit being filed, defendant deposited the sum of $305.50, representing plaintiff's loss on the front building, in the registry of the court. Defendant resists payment of the $1,150 on the ground that on February 9, 1951, it issued a policy endorsement restricting the insurance coverage to the front building and specifically excluding from the policy provisions the building located in the rear. The endorsement in question reads as follows:
"It is understood and agreed that policy is to cover specifically on the one story, frame, approved roof, one family dwelling, situated: Front-2123 Charbonnet Street, New Orleans, Louisiana. Policy coverage does not include dwelling in rear at this location."
After a trial on the merits of the case, there was judgment for plaintiff for $1,455.50, and defendant has taken this appeal.
Whatever may have been the reason of defendant for attempting to modify the policy to the extent that the $2,500 insurance would attach only to the front building, the fact remains that plaintiff was not consulted with reference to the change in the policy contract. Defendant's employee who typed the endorsement testified that she did so upon instructions from her superior and that she placed the original of the endorsement in an envelope and mailed it to plaintiff. Plaintiff denies receipt of the endorsement and denies further that he ever knew that the insurance company had attempted to exclude the rear building from coverage until after the fire loss occurred when payment of the amount of damage to the building was refused.
The answer alleges that plaintiff had full knowledge of the aforesaid endorsement many months before the date of the loss, but it has not been successfully shown that plaintiff possessed such knowledge and acquiesced in the modification of the contract. Defendant's employee under interrogation by the judge frankly admitted that she could not positively testify that she placed in the mails the envelope addressed to plaintiff which purportedly contained the policy endorsement, and it follows that the presumption that a letter properly addressed and mailed was received by the addressee cannot arise.
Defendant argues that in any event the receipt of the endorsement by plaintiff is supported by certain corroborating evidence and circumstances and calls attention to the testimony of two persons who had been sent to plaintiff's premises by defendant's claim adjuster for the purpose of making a survey and estimate of the loss. The gist of the testimony of these witnesses is that plaintiff stated to them when they called at his premises that he was not sure that his rear building was covered by insurance. As stated in his reasons for judgment, the judge did not believe their testimony, and, consequently, we are unwilling to accept it as being the truth. Defendant's adjuster also gave certain testimony which need not be discussed other than to say it is unimportant and cannot usefully serve in arriving at a decision of the case.
Counsel for defendant devoted much of their argument to a discussion of LSA-R.S. 22:636 relative to cancellations of policies of insurance by the insurer. We do not think that said statutory provisions are to play any part in this suit for the simple reason that we are not dealing with a cancellation of a policy of insurance but with a modification of the contract
*249 It is elementary that modifications or changes in a contract must be made with the mutual consent of the parties to the contract. There must necessarily be a meeting of the minds of the parties and one party to the contract may not alter its terms without the assent of the other party. And his rule applies with equal force to policies or contracts of insurance. The insurance company in this instance, in the absence of securing the consent of the assured, had no more legal right to withdraw coverage on one of the insured buildings than the insured would have to alter the contract without obtaining the consent of the insurer so as to include in its terms additional property. In 44 C.J.S., Insurance, § 281, p. 1120, we find the following explanation:
"Whether the parties have actually altered or modified a particular policy or contract of insurance is a question of fact. In order that there may be a modification, there must be an agreement therefor, supported by a consideration, and neither party has a right to modify the contract without the consent of the other party. * * *"
The only error we detect in the judgment is in the interest allowed on the amount awarded plaintiff. We do not think that the defendant should be compelled to pay interest on the $305.50 loss sustained by the front building as defendant was always willing to pay plaintiff's claim therefor and deposited the amount in the registry of court for plaintiff's account when the suit was filed. The proof of loss was received by defendant on December 28, 1951, and interest on the sum of $1,150, representing the loss to the rear building, should commence sixty days from that date instead of from the date on which the loss occurred. LSA-R.S. 22:658.
For the reasons assigned, the judgment appealed from is amended so as to provide that plaintiff have interest on the sum of $1,150 from February 27, 1952, until paid, and as thus amended, and in all other respects, the judgment is affirmed. Defendant-appellant is to pay the costs of this appeal.
Amended and affirmed.