**DEGELOS BROS. GRAIN CORPORA-
TION, Plaintiff-Appellant,**

v.

**FIREMAN'S FUND INSURANCE COM-
PANY OF TEXAS, Defendant-
Appellee,**

**Orgulf Transport Company, Intervenor.**

**No. 73-3157.**

United States Court of Appeals,
Fifth Circuit.

Aug. 15, 1974.

Carl W. Cleveland, Murray F. Cleveland, Andrew I. Brown, New Orleans, La., for plaintiff-appellant.

P. A. Bienvenu, New Orleans, for defendant-appellee.

Donald R. Abaunza, New Orleans, for Orgulf Trans.

Robert A. Vosbein, New Orleans, for George Engine.

Before TUTTLE, WISDOM and GEE, Circuit Judges.

PER CURIAM:

On this appeal we are asked to determine the date from which interest runs on an amount adjudicated to be due on a fire insurance claim in Louisiana. Because we find that this court has previously reached a different conclusion than did the district court, we remand for modification of the judgment.

Plaintiff, Degelos Bros., carried comprehensive fire insurance with defendant, Fireman's Fund. On May 22, 1969, a serious fire occurred on premises

leased by plaintiff from the Port of New Orleans and used for the processing and storage of grain. Plaintiff notified defendant of its fire loss and by letter of September 29, 1969, submitted an itemized claim in the total amount of $276,769.91. On March 4, 1970, following negotiations, plaintiff received $137,954.58 from defendant, reserving the right to claim for additional losses. On May 13, 1970, plaintiff filed suit in Louisiana state court for $138,815.83, which represented the balance allegedly remaining due under the policy, plus interest from the date of judicial demand. Thereafter, based upon diversity of citizenship, the suit was removed to federal court, and on June 7, 1973, judgment was entered in favor of plaintiff for $88,206.40 plus interest from the date of judgment. Plaintiff's motion to amend the judgment to allow pre-judgment interest was denied.

On appeal, plaintiff contends (1) that interest should run on the judgment from sixty days after submission of proof of loss or, alternatively, (2) that interest should run from the date of judicial demand. Under its first theory, plaintiff also argues that it is entitled to interest on the prelitigation payment of $137,954.58 from sixty days after proof of loss until its receipt over five months later. Defendant replies that the day of entry of judgment is the correct date, and especially so because no amount became "due" before then since plaintiff's

proof of loss was not "sworn to by the insured" as required by the policy and La.Rev.Stat. § 22:691. Defendant also asserts that plaintiff waived any claim of interest on the pre-litigation payment.

■■■ In a diversity case state law governs the award of interest, 28 U.S.C. § 1961 notwithstanding. Texaco, Inc. v. Lirette, 410 F.2d 1064 (5th Cir. 1969); New Amsterdam Casualty Co. v. Soileau, 167 F.2d 767 (5th Cir. 1948). The parties agree that Louisiana's is the applicable state law. However, the statutes which both call to our attention are not determinative of the date from which interest runs on an insurance claim.[1] In any event, we are spared the task of original statutory construction or firsthand interpretation of Louisiana cases by our previous decision in Reliance Insurance Co. v. Orleans Parish School Bd., 322 F.2d 803 (5th Cir. 1963). There we held that the relevant Louisiana law remained as expressed by the Louisiana Supreme Court in Gettwerth v. Teutonia Ins. Co., 29 La.Ann. 30 (La. 1877), unaffected by the later lower court holding in Isadore v. Washington Fire and Marine Ins. Co., 75 So.2d 247 (La.Ct.App.1954), cited by the fire insurance claimant there and here:

> In *Gettwerth*, however, the Louisiana Supreme Court expressly held that the interest should have been allowed only from the date of judicial demand, and not from sixty days after proof of

---

1. La.Rev.Stat. § 22:658 provides for a penalty of 12%, plus attorney's fees, for the insurer's arbitrary refusal to pay within 60 days of proof of loss. Plaintiff makes no contention that such penalty should have been imposed; and we find no language in the statute which, even by analogy, helps us discern the date on which interest commences.

La.Rev.Stat. § 22:691 sets out the Louisiana statutory fire policy which was incorporated into the contract of insurance between the parties. It states that the loss shall be payable sixty days after proof of loss, as therein provided, is received *and* ascertainment of the loss is made either by written agreement *or* by filing with the insurer of an award. Nothing, however, is said regarding interest. La.Rev.Stat. § 13:4203 states:

Legal interest shall attach from the date of judicial demand, on all judgments, sounding in damages, "ex delicto", which may be rendered by any of the courts.

Only a judgment based primarily on tort liability is regarded in Louisiana as arising "ex delicto." Thus, the statute has no application to an "ex contractu" judgment such as this. See Davis v. LeBlanc, 149 So.2d 252 (La.Ct.App., 3d Cir., 1963).

La.Civ.Code art. 1938, as amended, provides:

All debts shall bear interest at the rate of seven percentum per annum from the time they become due, unless otherwise stipulated.

At the time suit was filed the statutory rate was 5%. But the statute never specified when debts became "due."

loss. Appellee cites Isadore v. Washington Fire & Marine Ins. Co., La. App.1954, 75 So.2d 247, in support of his contention. There a Louisiana court of appeals held that interest should run from sixty days after proof of loss rather than from the date of loss. It is not shown, however, that the insurance company in that case raised before the court the third possibility with which we are here concerned: that interest should run from the date of judicial demand. *Gettwerth* is, therefore, the only Louisiana case which considers the issue directly. The trial judge did not err in following it. 322 F.2d at 809.

Our reading of Louisiana law in *Reliance* has not been contradicted by Louisiana courts or made obsolete by statutory enactment. Therefore, we are convinced, and controlled, by our holding therein that interest on a fire insurance claim runs from date of judicial demand in Louisiana.

■ Because no interest commences until judicial demand, none is chargeable on the pre-litigation payment made more than two months before suit was filed.

■ Our reiteration that interest runs from the date of judicial demand also determines the *rate* of interest to be applied. At the time suit was filed, Louisiana Civil Code article 1938 read:

> All debts shall bear interest at the rate of five per centum per annum from the time they become due, unless otherwise stipulated.

Prior to judgment this Article was amended to increase the legal rate of interest to 7%. But, as held by Louisiana courts in Womack v. Travelers Ins. Co., 258 So.2d 562 (La.Ct.App., 1st Cir., 1972), and Ducote v. Life Insurance Co., 245 So.2d 531 (La.Ct.App., 3d Cir., 1971), the amendment is not retroactive, and the 5% rate effective on the date the interest begins applies until the judgment is paid.

■ Defendant's argument that, because plaintiff's proof of loss was not sworn to as required by the statutory policy, nothing was "due" until entry of judgment is belated. Failure to comply with requirements for proof of loss, is a defense on the merits which, if it had been established at trial, would have barred the plaintiff from any recovery. Having waived the defense at trial, where the stakes were much higher, defendant will not be heard to assert it on appeal. We, therefore, find it unnecessary to reach plaintiff's reply that, as a matter of Louisiana law, its proof of loss was sufficient and any objection thereto was waived by acceptance and partial payment.

We hold that the judgment must be modified to provide for 5% interest on the full award of $88,206.40 from the date of judicial demand until paid to plaintiff. We, accordingly, remand to the trial court for such modification of the judgment.

Remanded for modification.