**HOME LIFE INSURANCE COMPANY, NEW YORK, Plaintiff-Appellee Cross-Appellant,**

v.

**EQUITABLE EQUIPMENT COMPANY, INC., Defendant-Appellant Cross-Appellee.**

No. 80–3874.

United States Court of Appeals, Fifth Circuit.

Dec. 15, 1982.

Fawer, Brian, Hardy & Zatzkis, A. Morgan Brian, Jr., New Orleans, La., for defendant-appellant cross-appellee.

Herman & Herman, Russ M. Herman, Shelley C. Herman, New Orleans, La., Thomas F. Coughlin, New York City, for plaintiff-appellee cross-appellant.

Before GEE, RUBIN and GARZA, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Our prior opinion, 680 F.2d 1056 (5th Cir. 1982), increased the amount awarded as damages to Home Life Insurance Co. of New York (Home Life), but did not mention interest. Jurisdiction being founded on diversity, the district court awarded interest from the date of judicial demand until paid. La.Rev.Stat.Ann. § 13:4203 (West 1968). Equitable Equipment Company, Inc. (Equitable), the judgment debtor, contends that Louisiana law does not apply in determining either the date from which interest accrues or the amount of interest, and that, even in diversity cases, interest calculation is controlled by federal statute, 28 U.S.C. § 1961.[1] Moreover, Equitable contends that, because our mandate is silent with respect to interest, the district court is powerless to add any prejudgment interest. Home Life seeks clarification of our mandate. Because it was our intention to allow

---

1. That statute reads:

    Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at the rate allowed by State law.

    Since the entry of judgment, it has been amended by the Federal Courts Improvement Act of 1982, Pub.L. 97–164, Apr. 2., 1982, 96 Stat. 55.

interest from the date of judicial demand in accordance with the *Erie* requirement that we apply Louisiana law, we recall the mandate, amend the judgment to provide such interest, and order the issuance of a new mandate explicitly so providing.[2]

■ Although this court retains jurisdiction over its mandates to prevent injustice, 5th Cir.R. 17; *Nat'l Sur. Corp. v. Charles Carter & Co.*, 621 F.2d 739, 741 (5th Cir. 1980) (per curiam); *Sparks v. Duval County Ranch*, 604 F.2d 976, 979 (5th Cir.1979) (en banc), *aff'd sub nom. Dennis v. Sparks*, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980), the Federal Rules of Appellate Procedure do not specify the method for seeking recall of a mandate. In moving for clarification of our mandate, Home Life has followed a procedure which we have approved, *Dickerson v. Continental Oil Co.*, 476 F.2d 635, 636 (5th Cir.1973) (per curiam), and which has been utilized in past cases. *E.g., Ferrell v. Estelle*, 573 F.2d 867, 868 (5th Cir.1978) (per curiam); *Peterson v. Klos*, 433 F.2d 911, 912 (5th Cir.1970) (per curiam).

■ Equitable objects that we should decline to reform our mandate in the absence of an exceptional situation justifying relief pursuant to Fed.R.Civ.P. 60(b)(6). *See Nat'l Sur. Corp. v. Charles Carter & Co.*, 621 F.2d at 742; *Chicago & N.W.R. v. Union Packing Co.*, 527 F.2d 592, 592 (8th Cir.1976) (per curiam). *National Surety*, however, does not compel us to adopt the "exceptional situation" standard of Fed.R.Civ.P. 60(b)(6) as the sole ground for relaxing our mandate. As we there recognized, Fifth Circuit Rule 17 prescribes that we may reform our mandate when necessary to prevent injustice. 621 F.2d at 741. This case presents an appropriate situation for granting relief.

In *National Surety* we declined an invitation, by appeal from the district court's amended judgment in accordance with our mandate, to reform the mandate so as to award prejudgment interest. We noted that our mandate had clearly precluded prejudgment interest. National Surety's appeal came four years after the mandate had issued, and we pointed out that its "excessive delay ... weighs most heavily against any grant of relief.... National Surety should have acted promptly to place its objection to the mandate before this court." *Id.* at 741–42. In addition, we concluded that, because the defendant had prevailed on some claims without being awarded prejudgment interest, and because amounts awarded during the eight-year litigation had been promptly paid into the registry of the district court, award of prejudgment interest was not necessary to prevent injustice.

These reasons do not apply here, nor can Home Life be charged with excessive delay. The mandate here issued on September 7, 1982. The district court entered judgment awarding interest on September 22, 1982. After futile correspondence with opposing counsel, Home Life sought relief from us on October 19, 1982. Home Life has acted promptly and justice prompts us to grant relief.[3]

Equitable seeks to circumscribe our award of interest on three grounds. First, Equitable argues that this court has never expressly held La.Rev.Stat.Ann. § 13:4203 to displace 28 U.S.C. § 1961. Alternatively, Equitable suggests that Louisiana law determines prejudgment interest on a claim arising *ex delicto*, and federal law determines postjudgment interest on the judgment. Lastly, Equitable insists that the rate of whatever interest may be awarded may not exceed seven percent.

2. While we deem this a proper method of clarifying the amount of interest due, by this determination we do not foreclose for later cases other avenues, such as a motion to the district court. In this case, the district court's amended judgment after remand specified that Home Life was entitled to "legal interest." Home Life could have sought from the district court clarification of the law governing calculation of that interest.

3. The decision in *Chicago & N.W.R.*, cited in *National Surety* and relied on by Equitable, is not apposite. That case dealt with tariffs charged by a railroad company under the Interstate Commerce Act, a federal question controlled by federal law.

It is late in the day for aught but tendentious argument concerning the applicability of *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to interest computations. *Budge v. Post,* 643 F.2d 372, 375 (5th Cir.1981) (per curiam); *Degelos Bros. Grain Corp. v. Fireman's Fund Ins. Co. of Texas,* 498 F.2d 1238, 1239 (5th Cir. 1974) (per curiam); *Petersen v. Klos,* 433 F.2d at 912; *Texaco, Inc. v. Lirette,* 410 F.2d 1064, 1066 (5th Cir.1969) (per curiam); *New Amsterdam Casualty Co. v. Soileau,* 167 F.2d 767, 772 (5th Cir.1948). This includes state law prescription of the right to prejudgment interest. *Terry v. Raymond Int'l, Inc.,* 658 F.2d 398, 405–06 (5th Cir. 1981), *cert. denied sub nom., Manitowoc Eng'g Co. v. Terry,* 456 U.S. 928, 102 S.Ct. 1975, 72 L.Ed.2d 443 (1982); *Byrd v. Hunt Tool Shipyards,* 650 F.2d 44, 48–49 (5th Cir. 1981); *Plantation Key Developers v. Colonial Mortgage Co. of Indiana,* 589 F.2d 164, 170 (5th Cir.1979); *E.C. Ernst, Inc. v. Manhattan Constr. Co. of Texas,* 551 F.2d 1026, 1042 (5th Cir.1977), *cert. denied sub nom. Providence Hosp. v. Manhattan Constr. Co. of Texas,* 434 U.S. 1067, 98 S.Ct. 1246, 55 L.Ed.2d 769 (1978); *Colonial Refrigerated Transp. v. Mitchell,* 403 F.2d 541, 552 (5th Cir.1968). Equitable's assertion to the contrary is without merit.

■ Alternatively, Equitable urges us to direct computation of interest at the state rate from the date of judicial demand, April 9, 1976, to the date of original judgment, and then apply 28 U.S.C. § 1961 from that date. This complicates an already complex matter, for no discernible reason. In diversity cases, state law dictates not only the entitlement to interest, but also the rate of interest, pre- as well as post-judgment. *Budge v. Post,* 643 F.2d at 375, and cases cited therein.

Not without the ability to devise alternatives to alternatives, Equitable contends finally that the rate of all such interest as may be allowed (both prejudgment and postjudgment) must be limited to seven percent, even though the Louisiana Legislature has since increased the rate of legal interest to twelve percent by two successive annual statutory amendments.[4] This is because the 1980 and 1981 amendments are not retroactive and only the 7% rate was in effect on the 1976 date of judicial demand in the instant case. Home Life concedes that Louisiana jurisprudence indeed fixes the legal rate of interest on the date of judicial demand as the rate to be used in computing judgments on claims *ex delicto. Degelos Bros. Grain Corp. v. Fireman's Fund Ins. Co. of Texas,* 498 F.2d at 1240; *O'Donnell v. Fidelity Gen. Ins. Co.,* 344 So.2d 91, 94–95 (La.App.1977); *Inabinet v. State Farm Auto. Ins. Co.,* 262 So.2d 920, 923 (La.App.1972); *Womack v. Travelers Ins. Co.,* 258 So.2d 562, 570 (La.App.), *writ denied,* 261 La. 775, 260 So.2d 701 (1972); *Winzer v. Lewis,* 251 So.2d 650, 658–59 (La. App.), *writ refused,* 259 La. 934, 253 So.2d 379 (1971); *Hebert v. Travelers Ins. Co.,* 245 So.2d 563, 568 (La.App.) *cert. denied,* 258 La. 903, 248 So.2d 332 (1971); *Ducote v. Life Ins. Co. of La.,* 245 So.2d 531, 536 (La.App.1971). There is, then, no argument about the matter.

Accordingly, we recall the mandate, correct our judgment to provide for interest at the rate of seven percent per annum from the date of judicial demand until the judgment is paid in full, and direct immediate issuance of the new mandate without further delay. The costs are to be taxed to Equitable.

---

**4.** The first amendment went into effect on September 13, 1980, and boosted the rate from seven percent to ten percent. The second amendment, effective September 13, 1981, increased the rate to twelve percent.