748 F.2d 69
 Emerson W. DUNTON, Jr., Plaintiff-Appellee,
v.
COUNTY OF SUFFOLK, STATE OF NEW YORK, Suffolk County Police
Department, County of Suffolk, State of New York, Robert
Pfeiffer, Angela Pfeiffer, "Richard Roe," "James Doe" and
"John Poe," the latter being fictitious names of real
persons, members of the Suffolk County Police Department, Defendants,
Angela Pfeiffer, and Robert Pfeiffer, Defendants-Appellants.
 Nos. 542, 543, Dockets 83-7384, 83-7814.
 United States Court of Appeals,
Second Circuit.
 Oct. 30, 1984.
 
 Before OAKES and MESKILL, Circuit Judges, and NEAHER,* District judge.
 MESKILL, Circuit Judge:
 
 
 1
 We recall the mandate and sua sponte reconsider our decision in Dunton v. County of Suffolk, 729 F.2d 903 (2d Cir.1984), without hearing oral argument, following a rather unusual set of circumstances.
 
 
 2
 * Familiarity with the underlying action is presumed. On June 29, 1984, long after the mandate issued, the County of Suffolk and the Suffolk County Police Department (collectively, the County) filed with this Court a petition for a writ of prohibition to the district court. The County's objective was to bar its reinstatement as a party defendant at the retrial which we had directed in our instructions on remand. The County essentially argued that, notwithstanding the prejudice that it had caused to defendant Robert Pfeiffer by failing to provide him with independent trial counsel, it could not be reinstated as a party to the trial because it had never been a party to the appeal. Noting that the plaintiff had not appealed the district court's order dismissing the County,[1] the County reasoned that it was not subject to the jurisdiction of this Court.
 
 
 3
 We recognized that the County had raised a creditable challenge and that our earlier decision deserved reexamination. But we also recognized that the extraordinary writ sought was not the proper vehicle for achieving that end. We should not bar the district court from attempting to comply with our own mandate. Nevertheless, in an attempt to resolve the problem without wasting judicial resources, we offered an alternative that could provide the County the relief it sought.
 
 
 4
 Identifying the gravamen of the County's petition as a plea to reconsider our initial decision, we considered the petition to include as alternative relief a motion for leave to file out of time a motion to intervene in the Pfeiffers' appeal, a motion to recall the mandate to the district court and a motion to request rehearing with a suggestion for rehearing en banc. In re County of Suffolk, No. 84-3058 (2d Cir. July 18, 1984). The motion to file motions out of time was granted and the motion to intervene was considered filed and was granted. By separate order, we granted permission for the motion for rehearing to be filed and recalled the mandate. Dunton v. County of Suffolk, No. 83-7814 (2d Cir. July 18, 1984). The petition for a writ of prohibition was denied. In re County of Suffolk, No. 84-3058 (2d Cir. July 18, 1984).
 
 
 5
 The County, in rather cavalier fashion, ignored our invitation to file a motion for rehearing. Instead, it petitioned the United States Supreme Court for a writ of prohibition to this Court to bar its reinstatement as a party. In re County of Suffolk, --- U.S. ----, 105 S.Ct. 450, 83 L.Ed.2d 375, (1984).
 
 II
 
 6
 It seems beyond question that "[s]ince we have the power under 28 U.S.C. [ ] Sec. 1651 to issue mandamus or other extraordinary writs, we obviously have the power to issue less strenuous relief." In re Tokio Marine & Fire Insurance Co., 322 F.2d 113, 117 (5th Cir.1963). Pursuant to that power, we outlined a procedure for the County that would allow it redress. The context in which our alternative was presented was, and remains, the burgeoning caseloads of the federal courts at every level. The overwhelming burdens on the time and resources of our federal courts fairly demand that, in the interest of the integrity of the judicial system and to achieve substantial justice for the parties before the courts, we be ever ready to fashion creative solutions that will help to reduce unnecessarily swollen appellate dockets.
 
 
 7
 We sought to avoid the imposition of additional burdens on the trial court and the appellate courts. The County was fully aware of both the original appeal and our decision in Dunton v. County of Suffolk. Yet it waited until the eve of retrial to raise its present challenge.
 
 
 8
 Notwithstanding the County's dilatory and insouciant conduct, the most practical and economical solution to this dilemma is for us to reconsider our earlier decision sua sponte rather than saddle an already overburdened Supreme Court with this case.
 
 
 9
 The unusual nature of these circumstances and the realization that injustice would ensue if we simply denied the petition for a writ of prohibition convinced us to recall our mandate. See, e.g., Newhouse v. Robert's Ilima Tours, Inc., 708 F.2d 436, 442 (9th Cir.1983); Home Life Insurance Co. v. Equitable Equipment Co., 694 F.2d 402, 403 (5th Cir.1982); Greater Boston Television Corp. v. FCC, 463 F.2d 268, 276-80 (D.C.Cir.1971), cert. denied, 406 U.S. 950, 92 S.Ct. 2042, 32 L.Ed.2d 338 (1972); see also City of Detroit v. Grinnell Corp., 575 F.2d 1009, 1009 (2d Cir.1978). Having recalled our mandate, albeit without the benefit of argument and briefing on rehearing, we conclude that our earlier decision must be modified.
 
 
 10
 The County certainly caused the trial errors that resulted in our reversal of the verdict against Robert Pfeiffer. However, in dismissing the claim against the County, the district judge correctly stated that the plaintiff presented no evidence against the County. Therefore, even though the County and its attorney caused Robert Pfeiffer a great injustice by failing to provide separate counsel for him, it was in no way responsible for the plaintiff's failure to meet his burden of proof. Consequently, even if it is within our power, given the unique circumstances at trial, to reinstate the County as a party, a question which we do not reach today, the interest of justice does not warrant reinstatement in this case.
 
 
 11
 We amend our earlier opinion by deleting the last two paragraphs of section II, 729 F.2d at 910, and substitute the following therefor:
 
 
 12
 Accordingly, we vacate the judgment against Robert Pfeiffer and remand the assault and battery claim against him to the district court for further proceedings.
 
 
 
 *
 Honorable Edward R. Neaher, United States District Judge for the Eastern District of New York, sitting by designation
 
 
 [1]
 At the close of all of the evidence, the district court dismissed the claims against the County because it agreed that the plaintiff had failed to meet his burden of proof and, therefore, as a matter of law had failed to present a question for the jury. The dismissal, of course, was actually a directed verdict in favor of the County. See Fed.R.Civ.P. 50(a)