Yale FREEDLINE

v.

S. Roy LUXEMBURG, d/b/a Luxemburg Brine Filtration Process.

Civ. A. No. 84–699–A.

United States District Court,
M.D. Louisiana,
Division A.

March 29, 1988.

George A. Fagan, Hammett, Leake & Hammett, New Orleans, La., for plaintiff.

M.J. Bodenhamer, Wray, Robinson & Kracht, Baton Rouge, La., for defendant.

JOHN V. PARKER, Chief Judge.

This diversity case has been tried and the court found in favor of plaintiff in the amount of $10,333.33. The case arises from a contract between the parties under the terms of which defendant agreed to pay plaintiff a "finder's fee." The court has held that plaintiff is entitled to the fee. Two issues remain: (1) When does interest commence? and (2) At what rate?

■ Defendant contends that because there was no putting in default as required by LSA–C.C. art. 1989, no interest should accrue until the date suit was filed (demand for payment). The answer to that argument is that these sums are due plaintiff under a contract and, under Louisiana law, interest on sums due under contract commences when the obligation is due without any putting in default. *Fidelity & Deposit Co. of Md. v. Cloy Constr. Co.*, 425 So.2d 887 (La.App. 1st Cir.1983). The court finds that this amount was due on July 8, 1981, and that is the date interest commenced.

■ As to the rate, the question is whether Louisiana law applies or 28 U.S.C. § 1961 applies. Section 1961 prior to its amendment by Pub.L. 97–164, effective October 1, 1982, read as follows:

### § 1961. Interest

Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at the rate allowed by the State law.

Prior to the amendment Section 1961 had been consistently construed as having no application in diversity cases under the sound notion that *Erie Railroad* mandates that state law determines interest rates as well as other issues in diversity cases. See *Home Life Ins. Co. v. Equitable Equipment Co., Inc.*, 694 F.2d 402 (5th Cir.1982); *G.M. Brod & Company v. U.S. Home Corp.*, 759 F.2d 1526 (11th Cir.1985).

Section 1961, as amended, (including the 1986 amendment, Pub.L. 99–514) now reads precisely the same through the word "at" in the final phrase, "at the rate allowed by State law" as it did before the amendment. The amendment changes "the" to "a" and reads, "at a rate equal to the coupon issue yield equivalent ... of United States Treasury bills ..." A simple examination of the original statute and the amendment shows conclusively that the only change made by the Congress was the *rate of interest.* None of the other language added could be construed as changing anything except the rates of interest.

Two circuit courts have, however, concluded that the amendment not only changed the rate of interest in nondiversity cases but also legislatively overruled the long and uniform jurisprudence that Section 1961 had no application in pure diversity cases. See *Weitz Co., Inc. v. Mo–Kan Carpet, Inc.*, 723 F.2d 1382 (8th Cir.1983) which holds, that because the statute covers "any judgment in a civil case recovered in a district court," federal post judgment interest applies to diversity cases, and *G.M. Brod & Co., Inc. v. U.S. Home Corp.*, 759 F.2d 1526 (11th Cir.1985) which holds that because the Eighth Circuit so held, the Eleven Circuit will do so. The Fifth Circuit has not yet decided this issue. See *Bartholomew v. CNG Producing Co.*, 832 F.2d 326 (5th Cir.1987), "In any event we do not decide whether § 1961 applies in diversity suits." Id. at 330, n. 3.

With due respect to the Eighth and Eleventh Circuits, this district court suggests that they have not fully considered the issue. Section 1961 prior to the amendment covered "any judgment in a civil case recovered in a district court." The amendment made not one change in the operative language relied upon by the Eighth Circuit. How then can one conclude that the Congress intended to change the law when it made no change in the law? The rate of interest stipulated under Louisiana law applicable in this case is substantially higher than that currently required by § 1961. The suggestion that the Congress intended, by an amendment changing the rate of

interest in *non diversity cases,* to allow a defendant to remove a diversity case to federal court and thereby obtain a lower rate of interest is difficult to accept. Without getting into constitutional issues posed by the court in *Lazzara v. Esser,* 622 F.Supp. 48 (N.D.Ill.1985), I would not assume that the Congress intended such a drastic change by an otherwise routine amendment, absent a clear, unequivocal congressional expression. There is no such clear declaration.

Therefore, unless the Fifth Circuit (or of course, the Supreme Court) holds otherwise, this court concludes that Section 1961 today has no more application to diversity cases than it did prior to its amendment. The judgment in this case will stipulate interest at the legal rate fixed by Louisiana law from July 8, 1981, until paid.