■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO DEJESUS, Appellant. [667 NYS2d 272] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered November 9, 1995, convicting him of robbery in the first degree and robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly found that two of the identifying witnesses had independent sources for their respective identifications. Each witness viewed the defendant under well-lit conditions for a few minutes while the defendant was robbing them (see, People v Daniels, 128 AD2d 631).

The defendant's contention that the jury charge deprived him of a fair trial is unpreserved for appellate review (see, CPL 470.05 [2]; People v Cadorette, 56 NY2d 1007, 1009). In any event, when viewed in its entirety, the charge delivered by the court explained the concepts of reasonable doubt and the People's burden of proof and made it clear that the defendant bore no burden (see, People v Toribio, 240 AD2d 519). The court's statement to the effect that the jury should not hide behind the concept of reasonable doubt to avoid an unpleasant task neither shifted the burden to the defendant nor diluted the People's burden of proof (see, People v Toribio, supra).

The sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Pizzuto, Joy and Florio, JJ., concur.