■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HEMSTREET, Appellant. [706 NYS2d 337] —Appeal by the defendant from a judgment of the County Court, Rockland County (Meehan, J.), rendered January 20, 1998, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contention is without merit. Ritter, J. P., S. Miller, McGinity and Feuerstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAID HIBRAHIM, Also Known as SAVERINO PEREZ, Appellant. [706 NYS2d 342] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flug, J.), rendered April 30, 1997, convicting him of burglary in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the fingerprint which linked him to the burglary established his guilt beyond a reasonable doubt and excluded every hypothesis of innocence (*see, People v Sparacino,* 150 AD2d 814).

The defendant's contention that the jury charge constituted reversible error is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v DeJesus,* 245 AD2d 298), and we decline to review it in the exercise of our interest of justice jurisdiction.

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Santucci, J. P., Joy, Goldstein and Schmidt, JJ., concur.