**Charles HEMSTREET, Petitioner–Appellee,**

v.

**Charles GREINER, Superintendent, Respondent–Appellant.**

**Docket No. 02–2747.**

United States Court of Appeals, Second Circuit.

Argued Oct. 21, 2003.

Decided May 11, 2004.

Opinion Filed Aug. 2, 2004.

Ann C. Sullivan District Attorneys Office, New York, NY, for Respondent–Appellant.

Vida M. Alvy Alvy & Jacobson, New York, NY, for Petitioner–Appellee.

Before OAKES, MESKILL and B.D. PARKER, Circuit Judges.

## ON RECONSIDERATION

OAKES, Senior Circuit Judge.

Petitioner sought habeas relief for ineffective assistance of counsel on the basis that his trial and appellate counsel did not seek a remedy for the state's intimidation before trial of a vital defense witness. The United States District Court for the Southern District of New York, Charles S. Brieant, *Judge,* granted the petition, finding that the trial and appellate counsels' omissions were not a matter of trial strategy. In *Hemstreet v. Greiner,* 367 F.3d 135 (2d Cir.2004), the district court's judgment was affirmed. On *sua sponte* reconsideration, following an unusual set of circumstances, that judgment is now vacated and the case is remanded.

### I

Familiarity with the underlying action and our prior opinion in this appeal is presumed. Nevertheless, in order to put our decision today in context, the following briefly summarizes the relevant proceedings.

Petitioner Charles Hemstreet was convicted, during a retrial in New York Supreme Court in 1997, of the second-degree murder of his business partner, Kenneth Hiep. Prior to the re-trial, Hemstreet's trial counsel learned that a witness named Jeanette Bucci had allegedly given exculpatory evidence in 1992 to detectives investigating Hiep's murder. Bucci thereafter set forth the substance

of her exculpatory information in an affidavit.

Hemstreet's trial counsel subsequently named Bucci as a potential witness in the retrial and asked the prosecution to turn over any statements Bucci had made to the police in 1992. A few days later, trial counsel informed the court that Bucci had refused to meet with him because detectives from the prosecutor's office had visited her mother and sister and allegedly warned them that, if Bucci testified, "they were in for a lot of trouble." Although trial counsel asked the trial court to stop such threats, he did nothing further in response to the purported intimidation. Trial counsel did not seek to compel Bucci's testimony and Bucci did not testify at the trial. Following the retrial, Hemstreet was convicted and sentenced to a term of 25 years to life.

On direct appeal from that conviction, Hemstreet's appellate counsel did not raise the claim that Hemstreet had been denied a fair trial when his trial counsel failed to seek a remedy for the state's alleged intimidation of Bucci. The Appellate Division affirmed his conviction. *See People v. Hemstreet*, 706 N.Y.S.2d 337, 270 A.D.2d 499 (2d Dep't 2000).

In August 2001, Hemstreet applied for a writ of error *coram nobis* in the Appellate Division wherein he argued that he had been deprived of effective assistance of counsel because his appellate attorney failed to raise the issue of his trial counsel's performance with respect to the intimidation of Bucci. The Appellate Division denied his petition. *See People v. Hemstreet*, 738 N.Y.S.2d 583, 290 A.D.2d 458 (2d Dep't 2002).

Hemstreet subsequently filed a habeas petition in federal court premised in relevant part on the same ineffective assistance of counsel claim. The district court found as a matter of fact that Bucci be-

came unavailable as a witness because she had been threatened by detectives from the prosecutor's office. The court also found that Hemstreet's trial counsel did not employ trial strategy when he failed to call Bucci as a witness. Hence, the district court granted Hemstreet's habeas petition on the grounds that: (1) trial counsel's failure to seek relief for the intimidation of Bucci, a crucial defense witness, was so deficient as to deprive Hemstreet of a fair trial, and (2) appellate counsel's failure to raise an ineffective assistance of trial counsel claim violated Hemstreet's Sixth Amendment rights.

Respondent Charles Greiner appealed. On reviewing the district court's findings of fact, a majority of the instant panel noted that "[t]he record d[id] not definitively establish whether the prosecution intimidated Bucci." *Hemstreet v. Greiner*, 367 F.3d 135, 139 (2d Cir.2004). However, "[d]espite the absence of any extensive information about the detectives' conduct, we [were] not persuaded that the district court's findings of fact with respect to the reasons for Bucci's unavailability were clearly erroneous." *Id.* at 140. As we explained,

[t]here [was] no evidence in the record that suggest[ed] that she became unavailable for any reason other than the alleged threats made by the detectives. Indeed, the prosecution did not directly rebut the accusations of intimidation leveled by Bucci's trial counsel, but instead made statements suggesting that little was known about the actual conversation between the detectives and Bucci's family. The prosecutor indicated that he "did not believe" the accusations and that he would "never condone" that type of conduct by the detectives, but he offered no specific information whatsoever to demonstrate that the detectives did

not in fact intimidate Bucci by threatening her family.

*Id.* "Under th[o]se circumstances, we conclude[d] that the district court's findings as to Bucci's unavailability were not clearly erroneous." *Id.* Moreover, because "the meager information available in the record suggest[ed] that Hemstreet's trial counsel was unable to secure Bucci's participation in the trial after the detectives allegedly intimidated her," we also "conclude[d] that the district court did not make a clearly erroneous factual determination when it found that Hemstreet's trial counsel failed to call Bucci as a witness for reasons that did not implicate trial strategy." *Id.*

"Based on these findings of fact," we went on to hold that: (1) "the professional performance of Hemstreet's trial counsel was sufficiently deficient so as to fall below an objective standard of reasonableness;" (2) "trial counsel's failure to pursue [Bucci's] critical testimony or to seek a remedy for its loss through intimidation raised a reasonable probability that the result of Hemstreet's trial would have been different but for his unprofessional errors;" (3) appellate counsel's failure to raise the ineffective assistance of trial counsel claim fell outside the wide range of reasonable professional assistance; (4) appellate counsel's failure to raise the issue also "undermine[d] confidence in the outcome of Hemstreet's appeal;" and (5) "the Appellate Division's rejection of Hemstreet's ineffective assistance of counsel claim was not only incorrect, but objectively unreasonable as well." *Id.* at 140–42. Accordingly, we affirmed the district court's judgment granting Hemstreet's habeas petition. We note that Judge Parker disagreed with the conclusions reached by the majority of the panel and dissented.

## II

After we issued an opinion affirming the district court's decision, Greiner filed a timely petition for rehearing. However, more recently, Greiner has asked us to stay his petition for rehearing in light of new information that came to his counsel's attention after he filed the petition.

According to Greiner's counsel, Bucci recently contacted the Rockland County District Attorney's office on June 23, 2004; in other words, she did so after we had issued our opinion and after Greiner filed his petition for rehearing. The D.A.'s office contends that, during her ensuing conversation with members of that office, Bucci insisted that detectives had never intimidated her. Rather, she apparently advised the D.A.'s office that she had lied when she signed her 1997 affidavit. The D.A.'s office explains that Bucci purportedly came forward with this new information because she became aware of our decision in this case on June 19, 2004, and "wanted to make it right."

Bucci's new information, if true, bears directly on the district court's findings of fact with respect to the reasons for Bucci's unavailability and trial counsel's reasons for failing to secure Bucci's testimony at Hemstreet's retrial. Bucci's new explanation is particularly troubling because we affirmed the grant of Hemstreet's habeas petition where we were presented with an altogether "meager" record by the parties—a record which Bucci's new statements call into question.

With Bucci's new information in hand, Greiner's counsel asks us to stay consideration of his petition for rehearing while Greiner files a motion in the court below "seek[ing] [permission] to commence an independent action to vacate judgment pursuant to Fed.R.Civ.P. 60[b][2] based on newly discovered evidence." According to the district court's docket, Greiner apparently filed that motion on June 29, 2004.

Rather than granting Greiner's request to stay consideration of his petition for rehearing, we conclude that the circumstances before us justify *sua sponte* reconsideration of our earlier decision. We may reconsider a prior ruling if "new evidence has become available[ ] or there is a need to correct a clear error or prevent manifest injustice." *DiGuglielmo v. Smith*, 366 F.3d 130, 135 (2d Cir.2004) (internal quotation marks and citation omitted); *see also United States v. Quintieri*, 306 F.3d 1217, 1230 (2d Cir.2002) ("[A]ppellate courts may ... reconsider [an] issue for 'cogent' and 'compelling' reasons such as ... 'the availability of new evidence[ ] or the need to correct a clear error or prevent manifest injustice.' ") (citations omitted), *cert. denied sub nom. Donato v. United States*, 539 U.S. 902, 123 S.Ct. 2246, 156 L.Ed.2d 110 (2003). We have the authority to reconsider a decision *sua sponte* rather than at the request of a party, particularly where we are faced with extraordinary circumstances and "the realization that injustice would ensue" in the absence of reconsideration. *Dunton v. County of Suffolk*, 748 F.2d 69, 70 (2d Cir.1984). Given the highly unusual circumstances with which we are now presented, we conclude that this case meets the applicable standard.

Accordingly, we hereby reconsider, *sua sponte*, our earlier decision to affirm the district court's judgment granting Hemstreet's habeas petition. On reconsideration, we vacate our earlier opinion in this case, vacate the district court's judgment, and remand the matter. On remand, the district court should evaluate the effect of Bucci's new information on Hemstreet's habeas petition while at the same time allowing Hemstreet an opportunity, by whatever means it thinks appropriate, to flesh out and otherwise examine Bucci's new explanation.[1] After doing so, the district court should determine whether to grant Hemstreet's habeas petition.

In reconsidering and remanding this case, we offer no opinion about the effect, veracity, or credibility of Bucci's new information. In other words, we express no position about whether Hemstreet's habeas petition should be granted in light of the new information. Unlike the district court, we are in no position to effectively examine the new evidence.

If further proceedings arising from Hemstreet's habeas petition are required in this court, the parties shall inform the Clerk of this court. Jurisdiction will then be restored automatically to this court without the need for a new notice of appeal. *See Eze v. Senkowski*, 321 F.3d 110, 138 (2d Cir.2003). After jurisdiction is restored, the matter will be heard by this panel.

---

1. We do not mean to suggest that the district court is limited to this inquiry on remand. In addition to any proceedings necessary in light of Bucci's new information, the district court is free to accept or solicit any other information that bears on the resolution of Hemstreet's habeas petition.